DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas
 {¶ 2} finding that appellant had violated the terms and conditions of his community control sanctions. Because we find that the trial court did erred in imposing prison terms, we reverse.
 {¶ 3} The facts giving rise to this appeal are as follows. On December 17, 1997, appellant was indicted on one count of gross sexual imposition, a violation of R.C. 2907.05 and a felony of the third degree (case no. 97-CR-479). He entered a plea and was found guilty. On April 1, 1998, he was sentenced to five years community control.
 {¶ 4} On November 10, 1999, appellant was indicted on one count of failure to register, a violation of R.C. 2950.05 and a felony of the fifth degree (case no. 99-CR-504). The indictment alleged that appellant had failed to register a change in his address with the Erie County Sheriff as required after being convicted of gross sexual imposition in case no. 97-CR-479. Appellant entered a guilty plea to the indictment and he was sentenced to a term of community control concurrent with the balance of the term he was already serving for gross sexual imposition in case no. 97-CR-479.
 {¶ 5} On April 15, 2002, appellant was brought before the trial court to show cause why his community sanctions should not be terminated in that appellant was convicted of failing to pay child support. The trial court found that appellant had violated the terms and conditions of his community sanctions. The judge continued appellant's community sanctions under the same terms and conditions previously ordered and stated on the record:
 {¶ 6} "In [case no. 97-CR-479], I am telling you that if there is another violation, that this time you will be facing a sentence of four years in the custody of the Ohio Department of Corrections * * * In [99-CR-504] you are looking at a sentence of nine months in the custody of the Ohio Department of Corrections."
 {¶ 7} The record reflects that on November 12, 2002, appellant was once again brought before the trial court to show cause why his community control sanctions should not be
 {¶ 8} revoked and sentence imposed. In a judgment entry filed November 18, 2002, the trial court found that appellant had violated the terms and conditions of his community sanctions in that he committed the offense of driving while under the influence of alcohol, a violation of R.C. 4511.19 and a misdemeanor of the first degree. The trial court revoked appellant's community sanctions and imposed a four year prison term for the offense of gross sexual imposition and a nine month prison term for the offense of failure to register. The sentences were ordered to be served consecutively. For purposes of appeal the two cases have been consolidated and appellant now sets forth the following assignments of error:
 {¶ 9} "I. That the trial court erred when it sentenced appellant to terms of four years in prison and nine months in prison after violations of coummunity control sanctions when the court had not previously indicated definite sentences to appellant for any violation at his sentecing hearings."
 {¶ 10} "II. That the trial court erred when it did not make the appropriate findings to support the length of sentences ordered upon appellant, nor did it make the appropriate findings necessary to support consecutive sentences upon appellant."
 {¶ 11} R.C. 2929.19(B)(5) states:
 {¶ 12} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposedas a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis ours).
 {¶ 13} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, the Ohio Supreme Court held that the trial court must make certain findings on the record at the sentencing hearing in order to impose maximum or consecutive prison terms. Applying Comer,
the Seventh District Court of Appeals recently held that a trial judge who fails to specify the length of a possible prison term when sentencing a defendant to community control is without authority to impose a prison term should the defendant later violate his community control sanctions.State v. Jones, 7th Dist. No. 02HA547, 2003-Ohio-5152.
 {¶ 14} The purpose of R.C. 2929.19(B)(5) is to put a defendant on notice of the possible prison time to which he could be sentenced should he violate his community control sanctions. State v. McPherson,[1]
(2001), 142 Ohio App.3d 274, 280. The trial court in this case fulfilled that purpose. The transcripts of appellant's original sentencing hearing for gross sexual imposition on April 1, 1998 and appellant's original sentencing hearing for failure to register on December 29, 1999 show that the trial judge failed to specify any possible prison terms that would be imposed should appellant violate his community control sanctions. Therefore, when appellant was brought before the court on April 15, 2002 for violating his community control sanctions, the trial judge was without the authority to impose prison terms, which the trial judge recognized, stating:
 {¶ 15} "Mr. Fraley, you have been here many times before. I think I told you the last time you were here that if there were further violations, that you would be — that your community sanctions would be revoked. However, due to, basically, a technicality I'm continuing you on one more time."
 {¶ 16} The judge then proceeded to inform the appellant that a specific prison term of four years would be imposed for a further violation of community control in case No. 97CR479 and a sentence of nine months in case No. 99CR504 to be served consecutively. This notice of the prison terms which would be imposed upon violation of community control sanctions did not occur until four years (Case No. 97-CR-479) and almost two and one half years (Case 99-CR-504) after the original sentencing.
 {¶ 17} Pursuant to R.C. 2929.19 (B)(5), the trial court cannot, after an original sentencing which did not inform the appellant of a specific prison term that may be imposed as a sanction for a violation of a community control sanction, impose a prison term for appellant's violation of community control sanctions. The trial court has only the options of imposing longer time under the same sanctions or imposing more restrictive sanctions. Appellant's first assignment of error is found well taken.
 {¶ 18} As the trial court is without authority to sentence appellant to prison, appellant's second assignment of error is also found well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Erie County Common Pleas Court is reversed and this case is remanded to the trial court for further proceedings. Costs to appellee.
Judgment Reversed.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J. Arlene Singer, J., concur.
[1] On September 24, 2003, the Ohio Supreme Court in State v. Brooks,100 Ohio St.3d 1407, 2003-Ohio-4948, certified State v. McPherson as being in conflict with four other cases on an issue not before this court.