THE STATE OF OHIO, APPELLANT, *v.* FRALEY, APPELLEE.

[Cite as *State v. Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110.]

*Criminal law – Sentencing – R.C. 2929.19(B)(5) and 2929.15(B) – Trial court must notify offender at sentencing hearing of the specific prison term that may be imposed if the offender violates community control sanctions – Trial court may not impose prison term for subsequent violation without such notification.*

(Nos. 2004-0225 and 2004-0276 — Submitted October 13, 2004 — Decided December 30, 2004.)

APPEAL from and CERTIFIED by the Court of Appeals for Erie County, Nos. E-02-050 and E-02-051, 2003-Ohio-6976.

_____

SYLLABUS OF THE COURT

Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for such a subsequent violation.

_____

O'CONNOR, J.

I. Facts and Procedural History

{¶ 1} Defendant-appellee, Earl Fraley, was indicted on, and pleaded guilty to, one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4), under case No. 97-CR-479 in the Erie County Court of Common Pleas. He was sentenced in March 1998 to five years of

community control and was notified that should he fail to comply with community control, harsher sanctions could be imposed, including up to five years of imprisonment. The specific term of five years was set forth in the journal entry but was not mentioned at the sentencing hearing. Fraley was also adjudicated to be a sexually oriented offender and was notified of his duties to register as such pursuant to R.C. 2950.03 and 2950.04.

{¶ 2} In December 1999, Fraley entered a guilty plea to the charge of failure to register, a felony of the fifth degree, in violation of R.C. 2950.05 (Erie Common Pleas case No. 99-CR-504). The trial court stated that the community control violation was not of such a nature as to require termination of Fraley's community control sanctions. The court ordered that community control sanctions be continued under the terms and conditions previously ordered. For his conviction for failure to register under case No. 99-CR-504, the court sentenced Fraley to a term of community control to run concurrently with the sanctions imposed in case No. 97-CR-479. The court also notified Fraley, in the journal entry but not at the sentencing hearing, that "further, harsher sanctions, including prison time up to twelve (12) months, could be imposed if defendant does not comply with community sanctions [under case No. 99-CR-504]."

{¶ 3} On May 8, the court found that Fraley had again violated the terms and conditions of his community control in case No. 97-CR-479. The court held that the violations were not so serious as to require the termination of community control sanctions.

{¶ 4} On April 9, 2002, Fraley again pleaded guilty to violating the terms and conditions of his community control in both case No. 97-CR-479 and No. 99-CR-504. The trial court found that Fraley had violated the terms and conditions of community control but that again, the violations were not of such a nature as to require the termination of his community-control sanctions. For the first time, the trial court notified Fraley at the hearing that if he violated the

community control sanctions again, a prison term would be imposed of four years in case No. 97-CR-479 and nine months in case No. 99-CR-504, and the sentences would run consecutively.

{¶ 5}  On November 12, 2002, a hearing was held to determine whether Fraley had again violated the terms and conditions of his community control sanctions in both cases.  Fraley admitted to a new DUI offense, which violated the terms and conditions of his community control sanctions in both case No. 97-CR-479 and No. 99-CR-504.  The court terminated Fraley's community control in both cases and found that "pursuant to O.R.C. §2929.14(B) * * * the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others."  The court also found that Fraley met the criteria for the imposition of consecutive sentences under R.C. 2929.14(E)(4) et seq.  As a result of his DUI offense, the court sentenced Fraley to four years in prison for his case No. 97-CR-479 community control violation and to nine months for his case No. 99-CR-504 community control violation, to be served consecutively.

{¶ 6}  The Court of Appeals for the Sixth District reversed the judgment of the trial court and remanded the cause for further proceedings.  The appellate court held that the trial court must notify a defendant at the initial sentencing hearing of a specific term of imprisonment that may be imposed for violating community control sanctions.  Because the trial court did not specify a specific term until the April 9, 2002 hearing, the appellate court found that the trial judge was without the authority to impose prison terms.

{¶ 7}  The Sixth District Court of Appeals certified that a conflict existed with the decision of the Ninth District Court of Appeals in *State v. Sutherlin*, 154 Ohio App.3d 765, 2003-Ohio-5265, 798 N.E.2d 1137.  The cause is now before us upon our determination that a conflict exists and upon the acceptance of a discretionary appeal.

## II. R.C. 2929.19(B)(5) and 2929.15(B)

**{¶ 8}** The question certified to us for determination is whether R.C. 2929.19(B)(5) requires a judge to notify a defendant at his initial sentencing hearing, as opposed to any subsequent sentencing hearings, of the specific prison term that may be imposed as a sanction for a subsequent community control violation.

**{¶ 9}** R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing, "[t]he court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."

**{¶ 10}** R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(5). R.C. 2929.15(B) further provides that if a prison term is imposed upon an offender for violating a community control sanction, the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) [sic, (B)(5)] of section 2929.19 of the Revised Code."

**{¶ 11}** We have held, "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be

imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus. This case requires us to consider whether a trial court is mandated to notify a defendant at the initial sentencing hearing of a specific term of imprisonment that could be imposed if a defendant violates the terms and conditions of his community control, or whether such notification may come at a later sentencing hearing.

{¶ 12} In *State v. Sutherlin*, 154 Ohio App.3d 765, 2003-Ohio-5265, 798 N.E.2d 1137, the First District Court of Appeals held that a trial court judge had complied with R.C. 2929.19(B)(5) when he notified a defendant at the defendant's second sentencing hearing of the specific prison term that could be imposed as a sanction for a violation of a community control sanction. Sutherlin was originally sentenced to one year's imprisonment and four years' community control for robbery and kidnapping convictions. He subsequently violated the conditions of his community control by failing to notify his probation officer of his change of address and by failing to perform his community service. At the sentencing hearing on the community control violation, the court continued community control but warned Sutherlin that another violation would result in the maximum term of imprisonment.

{¶ 13} In this case, the Sixth District Court of Appeals held that the trial court must notify the defendant at his initial sentencing hearing of the specific prison term that may be imposed as a sanction for a violation of a community control sanction in order to comply with R.C. 2929.19(B)(5). Without such notice, the appellate court held, the trial court cannot impose a term of imprisonment for a subsequent violation.

III. An Element of Statutory Compliance: Time of Notification

**{¶ 14}** Fraley does not allege a constitutional violation. Our examination is limited to statutory interpretation. We examined full compliance and substantial compliance with sentencing statutes in *State v. Brooks*, and we noted that there are two main variables to examine in evaluating compliance with the notification requirement of R.C. 2929.19(B)(5): first, when the notification was given, and second, what language the trial court used in the notification. *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 13. The first variable is at issue here.

A. Time of Notification When Only One Community Control Violation Occurs

**{¶ 15}** R.C. 2929.19(B)(5) states that when a sentencing court determines that a community control sanction should be imposed, "[t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation." In interpreting this language in combination with R.C. 2929.15(B), we held in *Brooks* that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id. at paragraph two of the syllabus. Thus, in order to comply with R.C. 2929.19(B)(5), the *original* sentencing hearing is the time when the notification must be given for the court to impose a prison term upon a defendant's *first* community control violation. However, this court has not ruled on the timing of notification required by the statute in order to impose a prison term when an offender violates his community control sanctions multiple times.

B. Notification When There Are Multiple Violations of Community Control

**{¶ 16}** Our holding in *Brooks* did not address "whether a trial judge who, * * * at the time of the R.C. 2929.15(B) sentencing, informs the offender of the

specific term he or she faces for a violation of the conditions of community control may subsequently impose a prison term if the offender violates the conditions of community control a second time." *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, fn. 2.

{¶ 17} The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. *State v. Martin*, 8th Dist. No. 82140, 2003-Ohio-3381, 2003 WL 21474154, at ¶ 35. The trial court could therefore comply with both the sentencing statutes and our holding in *Brooks* if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing. We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B).

{¶ 18} We therefore hold that pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation.

{¶ 19} In the case at bar, Fraley, at his initial sentencing hearing in March 1998, was sentenced to five years' community control. He was notified only by journal entry that harsher sanctions, including up to five years of imprisonment, could be imposed if he failed to comply with the sanctions. After this original sentencing hearing, Fraley violated community control four times. After each of the first two violations, the sentencing court continued the previous sanctions and failed to notify Fraley at the sentencing hearings of any specific prison term. At

7

his third violation hearing in April 2002, however, the trial court additionally notified Fraley that if he violated the community sanctions again, specific prison terms would be imposed. Accordingly, at the April 2002 hearing, Fraley was notified of a specific term of imprisonment, in compliance with the requirements under R.C. 2929.19(B)(5). When Fraley was found to have violated his community control sanctions in November 2002, the trial court proceeded properly in imposing a prison sentence on him.

{¶ 20} Based on all the foregoing, the judgment of the court of appeals is reversed.

Judgment reversed.

F.E. SWEENEY, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

RESNICK, J., concurs in judgment only.

MOYER, C.J., dissents.

PFEIFER, J., dissents.

_____

**MOYER, C.J., dissenting.**

{¶ 21} R.C. 2929.19(B)(5) requires a trial court to state at the sentencing hearing the specific prison term that may be imposed for the violation of a community control sanction. R.C. 2929.15(B) restates this requirement as it explains how a trial court may respond to a community control violation. If a trial court sentences an offender to a community control sanction and does not specify at the sentencing hearing a possible prison term that may be imposed for violation of the sanction, a court may not impose a prison term upon a violating offender. R.C. 2929.15(B); *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus. That section of the statute is consistent with the purpose of 1996 Am.Sub.S.B. No. 2 to provide "truth in sentencing." 146 Ohio Laws, Part IV, 7136. All parties and the victim of the crime are to know at

the time of sentencing the precise sanction, whether it is prison or community control, that the court is imposing on the defendant.

{¶ 22} In the instant case, the trial court notified Fraley of the specific prison term that could be imposed for a violation of his community control sanction at his third community-control-violation hearing. The majority holds that this notification satisfied R.C. 2929.19(B)(5), concluding that each hearing that follows a violation of community control is a new sentencing hearing. Because I believe that community-control-violation hearings are not sentencing hearings, I dissent.

{¶ 23} As the majority relates, R.C. 2929.15(B) specifies the procedures that a trial court must follow when a felony offender has violated the conditions of a community control sanction. The General Assembly could have required trial courts to conduct full sentencing hearings, pursuant to the detailed requirements of R.C. 2929.19. Instead, it enacted R.C. 2929.15(B), which merely specifies that when an offender has violated a condition of community control, a court may impose a longer time under the same sanction, a more restrictive sanction, or a prison term. The majority is correct when it says that "relevant sentencing statutes" apply at community-control-violation hearings. But those relevant sentencing statutes require only that the trial court comply with the purposes of felony sentencing and not be discriminatory, pursuant to R.C. 2929.11, and that the imposition of a prison term comply with the strictures of R.C. 2929.13 and 2929.14. The application of these basic principles of felony sentencing in an R.C. 2929.15(B) hearing does not transform that proceeding into an R.C. 2929.19 sentencing hearing.

{¶ 24} We must give meaning to the words of R.C. 2929.19(B)(5) and 2929.15(B) as they are written. *Funk v. Rent-All Mart, Inc.* (2001), 91 Ohio St.3d 78, 80, 742 N.E.2d 127. R.C. 2929.15(B) prohibits the trial court from imposing a prison term greater than "the prison term specified in the notice provided to the

offender at *the* sentencing hearing." (Emphasis added.) R.C. 2929.15(B) contains no language signifying that a community-control-violation hearing is a sentencing hearing. Therefore, I do not believe that the notification of the specific prison term by the trial court at Fraley's third community-control-violation hearing can cure the error of not advising Fraley pursuant to R.C. 2929.19(B)(5) at his sentencing hearing. In view of this failure, the trial court was not permitted to impose a prison term upon Fraley. This application of the statute is consistent with the attempt by the General Assembly to create a felony-sentencing scheme that complies with the principle of "truth in sentencing."

{¶ 25} I would affirm the judgment of the court of appeals.

_____

**PFEIFER, J., dissenting.**

{¶ 26} Recently, in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, we very clearly interpreted R.C. 2929.19(B)(5) and 2929.15(B). We held that "a trial court sentencing an offender to a community control sanction must, *at the time of the sentencing*, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." (Emphasis added.) *Brooks* at paragraph two of the syllabus.

{¶ 27} The failure to set forth with specificity the term of incarceration for a violation of community control at sentencing means that an offender can *never* receive incarceration for violating his community control related to that offense. The authority to order incarceration comes at the sentencing hearing on the original charge. Repeated violations of community control do not invest the trial court with any additional authority to order incarceration.

{¶ 28} Our holding in *Brooks* was tough, but correct. The majority decision signals this court's hasty retreat from it.

_____

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellant.

Jeffrey J. Whitacre, Erie County Public Defender, for appellee.

_____