[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The defendant-appellant's name also appears as Dessalines Weaver in portions of the record.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Dessaline Weaver appeals the judgment of trial court that imposed four consecutive one-year prison terms after Weaver had violated conditions of community control. We affirm the judgment of the trial court.
In February 2002, Weaver pleaded guilty to three counts of forgery in violation of R.C. 2913.31(A)(3) and one count of possession of criminal tools in violation of R.C. 2923.24. The trial court sentenced him to six months of confinement and five years of community control for each count and ordered that the sentences be served concurrently. On May 4, 2004, Weaver was found not guilty of a violation of community-control conditions. At the hearing, the trial court acknowledged that it had not informed Weaver's what his sentence would be if he violated conditions of community control and stated that the court would impose four consecutive one-year sentences if Weaver violated the conditions. Because Weaver was found not guilty of the violation, his community control was continued.
Weaver again appeared before the trial court on July 30, 2004, for an alleged violation of community-control conditions. The trial court found him guilty of the violation and sentenced him to four consecutive one-year sentences.
Weaver's appellate counsel filed a brief designating one assignment of error. In a supplemental brief, Weaver designated two additional assignments. In his first supplemental assignment of error, Weaver asserts that the trial court erred in sentencing him for his community-control violation without first informing him of the specific potential sentences he faced for a violation. This challenge is untenable.
The trial court informed Weaver during the community-control-violation hearing on May 4, 2004, that he could be sentenced to four consecutive one-year terms. The Ohio Supreme Court recently concluded that a trial court had satisfied the notification requirements of R.C. 2929.19(B)(5) even though the trial court had not told the defendant of his potential sentence for a future violation until a hearing at which the defendant's community control was continued.[2] The court stated that "[t]he notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs."[3] Here, the trial court put Weaver put on notice of the specific term he faced during the May 4, 2004, hearing. We conclude that this notification meets the requirements of R.C. 2929.19(B)(5). The first supplemental assignment of error is overruled.
The remaining assignments of error challenge the length of the sentence imposed by the trial court. In the second supplemental assignment, Weaver asserts that the trial court erred in sentencing him to consecutive sentences for a community-control violation where the original six-month sentences were to be served concurrently. The assignment of error designated by appellate counsel is that the trial court erred in imposing the maximum sentences.
If a prison term is not required, R.C. 2929.15(A)(1) provides that the trial court "may directly impose a sentence that consists of one or more community-control sanctions authorized pursuant to section 2929.16,2929.17, or 2929.18." The trial court sentenced Weaver to six months in the Hamilton County Justice Center and five years of community control. R.C. 2929.16(A)(2) does not permit consecutive six-month jail sentences as a component of community control sanctions.[4] But, if conditions of community control are violated, the trial court may impose a prison term pursuant to R.C. 2929.14. "The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offenses for which the sanction that was violated was imposed * * *."[5] As recently held by this court, the United States Supreme Court's decision in Blakely v. Washington[6] does not apply to the findings made by the trial court under R.C. 2929.14(E)(4).[7]
Having reviewed the record, we conclude that the consecutive sentences that the trial court imposed were within the range of prison terms available for Weaver's offenses, and that the trial court complied with the requirements of R.C. 2929.14(E)(4). The second supplemental assignment of error is overruled.
In the sole assignment of error submitted by counsel, Weaver claims that the trial court erred in sentencing him to the maximum sentences. With little discussion, Weaver asserts that he was placed in double jeopardy by the trial court, that he was denied due process of law, that his sentence constituted cruel and unusual punishment, and that he was subjected to an ex post facto procedure. We have reviewed the record and have determined that none of the alleged constitutional violations is present.
Weaver also asserts that the trial court did not comply with R.C.2929.13(B). That section requires that, before sentencing a defendant to a prison term for a fourth- or fifth-degree felony, the trial court must find that a prison term is consistent with the purposes and principles of sentencing, that the defendant is not amenable to community control, and that one of nine factors listed applies to the offense. The transcript of the sentencing hearing makes clear that the trial court made the required findings, including a finding that Weaver had served several prior prison terms. The record supports those findings.
We also note that the maximum sentences imposed by the trial court are not contrary to the United States Supreme Court's recent decisions inBlakely or United States v. Booker.[8] When sentencing Weaver to maximum sentences, the trial court found that, because of his many prior convictions, Weaver "pose[d] the greatest likelihood of recidivism." As discussed in this court's decision in State v. Lowery,[9] this basis for imposing a maximum sentence does not violate Blakely.[10] Having reviewed the record, we conclude that the trial court's finding that Weaver posed the greatest likelihood of recidivism was amply supported by the record. Accordingly, the assignment of error designated in appellate counsel's brief is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[2] State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110,821 N.E.2d 995.
[3] Id. at ¶ 17.
[4] State v. Barnhouse, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d. 874.
[5] R.C. 2929.15(B).
[6] (2004), 542 U.S. ___, 124 S.Ct. 2531.
[7] State v. Montgomery (Mar. 11, 2005), 1st Dist. No. C-040190, at ¶ 17.
[8] (2005), ___ U.S. ___, 125 S.Ct. 738.
[9] (Mar. 18, 2005), 1st Dist. No. C-040157.
[10] Id. at ¶ 46.