{¶ 13} I respectfully dissent. The sentence is constitutionally infirm in light of the United States Supreme Court's decision in Blakely v.Washington.[1]
 {¶ 14} For the reasons stated in my prior concurring and dissenting opinions, the trial court's imposition of a sentence violated the Sixth Amendment right to a jury trial, as explained in Blakely v.Washington.[2] This matter should be remanded for resentencing consistent with Blakely v. Washington.
 {¶ 15} In addition, I disagree with the majority that a trial court, at the time of sentencing, can impose a "potential" sentence for the violation of a term of community service. In State v. Brooks, the Supreme Court of Ohio held that the specific prison term must be stated on the record at the sentencing hearing as a condition precedent to the imposition of prison time for the violation of community control sanction.[3] As a result, the defendant receives notice at the time of sentencing of the specific prison term he may have to serve. There is more than a semantic difference between a "potential" sentence and a "specific prison term."
 {¶ 16} I believe the law in Ohio is clear that even when community control sanctions are imposed, the sentencing court must state the specific penalty to be invoked for violation of those terms; and that the sanction must be explained to the defendant at the sentencing hearing. As stated by the Supreme Court of Ohio, even multiple, subsequent violations trigger the statutory mandates:
 {¶ 17} "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation."[4]
 {¶ 18} Pursuant to Comer, Brooks, and Fraley, it is at the sentencing hearing when the court is required to state a specific penalty for a specific conduct.[5] To hold otherwise opens the door to the possibility of defendants being sentenced to maximum sentences for violating the terms of community control where the original crime did not support such a sentence. By way of example, a defendant whose original crime supported a minimum sentence could readily be seen as an example of one who could benefit from, say, community control with the condition that he participate in drug counseling. Should the individual have a personality conflict with his drug counselor, and then be dropped from the program, would the trial court be justified for "throwing the book" at the individual for his later "failure," when the earlier crime did not warrant such treatment? Obviously not. The "truth in sentencing" in Ohio we all seek requires that defendants be sentenced for the crimes they commit. Such sentences should not be enhanced for violations of community control sanctions.
 {¶ 19} The Supreme Court of Ohio was correct when it stated that courts have the right to impose penalties for SUBSEQUENT community control violations.[6] In the instant matter, the trial court left sentencing open for further discussion when it said "violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of eighteen (18) months." That is not specific, and as a matter of law, should be reversed.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] See State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268
(O'Neill, J., concurring); State v. Semala, 11th Dist. No. 2003-L-128,2005-Ohio-2653 (O'Neill, J., dissenting).
[3] State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraphs one and two of the syllabus.
[4] State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, syllabus.
[5] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165; State v.Brooks, supra; State v. Fraley, supra.
[6] State v. Fraley, supra, syllabus.