DECISION AND JUDGMENT ENTRY
{¶ 1} James Hilderbrand appeals the trial court's judgment sentencing him to four years in prison for violating his community control. Hilderbrand contends the court erred in sentencing him to a nonminimum prison term without making the findings required by R.C. 2929.14(B). The state candidly concedes that the court failed to make the required findings and asks us to remand the matter for resentencing. Because the trial court failed to make the statutorily required findings for imposing a nonminimum prison term at the second sentencing hearing, we reverse the court's judgment and remand for resentencing.
 {¶ 2} In November 2003, the grand jury indicted Hilderbrand for the illegal assembly or possession of chemicals for the manufacture of drugs, a third-degree felony. Hilderbrand pled guilty to the charge and the court sentenced him to three years of community control. At the sentencing hearing, the court notified Hildebrand that a community control violation would result in a sentence of four years imprisonment.
 {¶ 3} Subsequently, in February 2005, the state filed a motion to revoke Hilderbrand's community control. After a hearing, the court found that Hilderbrand violated the community control sanctions. Thus, the court sentenced Hilderbrand to four years in prison. Hilderbrand now appeals his sentence and raises the following assignment of error:
The trial court erred in sentencing Mr. Hilderbrand to a non-minimum prison term, thereby denying him due process as provided by the Fifth andFourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.
 {¶ 4} In his sole assignment of error, Hilderbrand contends the court erred in sentencing him to a nonminimum prison term. Specifically, he argues the court failed to make the findings required by R.C. 2929.14(B). Acting with candor and the utmost professionalism, the state concedes that the court failed to make the statutorily required findings and asks us to remand the matter for resentencing.
 {¶ 5} Following a community control violation, the trial court conducts a second sentencing hearing. State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, 821 N.E.2d 995, at ¶ 17. "At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." Id.
 {¶ 6} Hilderbrand pled guilty to a third-degree felony, which carries a possible prison term of one to five years. See R.C. 2929.14(A)(3). R.C. 2929.14(B) provides that if an offender has not previously served a prison term, the court must impose the minimum prison term unless it "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender of others." In State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 26, the Supreme Court of Ohio held that R.C. 2929.14(B)'s use of the phrase "on the record" means that the court is required to make the findings at the sentencing hearing. Thus, the Court held: "Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id. at paragraph two of the syllabus.
 {¶ 7} There is no evidence that Hilderbrand has previously served a prison term. Consequently, the trial court could not impose a nonminimum sentence unless it expressly found that the minimum sentence would "demean the seriousness of the offender's conduct" or would "not adequately protect the public from future crime by the offender or others." See R.C. 2929.14(B)(2). Our review of the transcript from the second sentencing hearing, i.e., the one for the community control violation, reveals that the court failed to make either of these findings. Thus, we conclude the court erred in imposing a nonminimum prison term. For the reasons stated above, we reverse the trial court's judgment and remand the matter for resentencing.
Judgment reversed and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.