{¶ 1} In 2004, defendant-appellant, James Morgan, pled guilty to one count of attempted gross sexual imposition, in violation of R.C.2923.02/2907.05, and one count of importuning, in violation of R.C.2907.07. The trial court sentenced him to five years of community control sanctions under the supervision of the adult probation department. The sentencing entry, dated August 18, 2004, stated further, "Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 12 months as approved by law." The entry contains no mention of postrelease control.
 {¶ 2} In September 2005, the trial court held a hearing regarding Morgan's alleged violation of the terms of his community control. The court found Morgan in violation. The trial court continued the community control sanctions as set forth in its first order, and added several new conditions. This time, as set forth in the journal entry, the trial judge told Morgan that "any further violations may result in [a] 24 month prison sentence."
 {¶ 3} In December 2005, Morgan was again charged with violating the terms of his community control by failing to report to the probation department. At a hearing on December 20, 2005, Morgan admitted that he had failed to report to the probation department since November 2, 2005. Morgan informed the trial court that his brother-in-law had been in the hospital during this time and his failure to report was an "oversight."
 {¶ 4} The trial judge found Morgan in violation of community control, terminated the community control sanctions, and sentenced him to 11 months incarceration on each count, to be served consecutively, for a total of 22 months incarceration. In addition, the trial judge advised Morgan that upon his release from prison, he would be supervised by the parole board for "up to three years."[1] The trial court's journal entry of sentence included the notation that "post release control is part of this prison sentence for the maximum time allowed for the above felony(s) under R.C. 2967.28."
 {¶ 5} Morgan now appeals, assigning two errors for our review.
 {¶ 6} In his first assignment of error, Morgan argues that his guilty plea was not knowingly, voluntarily, and intelligently made, because the trial court did not inform him at the plea hearing that postrelease control would be part of his sentence if he violated the terms of the community control sanctions and was sentenced to prison. Accordingly, Morgan contends, his conviction should be reversed.
 {¶ 7} We decline to address this assignment of error. This appeal is from the trial court's December 21, 2005 judgment vacating community control sanctions and sentencing Morgan to 11 months incarceration on each of the two counts to which he pled guilty. Morgan did not appeal from the trial court's July 7, 2004 judgment entering his guilty plea and cannot now "bootstrap" arguments to seek review of alleged errors from which a timely appeal has not been taken. As this court has previously stated:
 {¶ 8} "'This type of "bootstrapping," to wit, the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3).'"State v. Gray (May 24, 2001), Cuyahoga App. No. 78467, quoting State v.Church (Nov. 2, 1995), Cuyahoga App. No. 68590. See, also, State v.Terrell (Jan. 13, 2000), Cuyahoga App. No. 76637.
 {¶ 9} At oral argument, Morgan also argued that the trial judge erred in including postrelease control as part of his sentence when she sent him to prison in December 2005, because she did not advise him at the August 18, 2004 sentencing hearing of the possibility of postrelease control. We disagree.
 {¶ 10} In State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, the Ohio Supreme Court recognized that a court holds an initial sentencing hearing when it sentences an offender to community control sanctions. Id. at Tf 15. It stated further, "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." Id. at
 {¶ 11} 17. Accordingly, the Supreme Court recognized inFraley that when a convicted felon is given a probation-revocation hearing, such hearing is, in substance, a new sentencing at which earlier sentencing violations can be corrected. State v. Ramey,136 Ohio Misc.2d 24, 2006-Ohio-885, at 12.
 {¶ 12} The Supreme Court has also recognized that "if a trial court has decided to impose a prison term upon a felony offender, it is duty-bound to notify that offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry, which thereby empowers the executive branch of government [the Adult Parole Authority] to exercise its discretion."State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ?22, citingWoods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, at 512-513. If the trial court fails to do so, the sentence must be vacated as void and the matter remanded to the trial court for resentencing. Jordan,2004-Ohio-6085, at ?27.[2]
 {¶ 13} Thus, in this case, it is apparent that the trial court, when sentencing Morgan to prison, was "duty-bound" to inform him of postrelease control at the sentencing hearing and to include postrelease control in its judgment entry, despite its failure to advise him of postrelease control at the initial sentencing hearing. Failure to do so would have rendered Morgan's sentence void.
 {¶ 14} Appellant's first assignment of error is therefore overruled.
 {¶ 15} In his second assignment of error, Morgan argues that he was denied due process of law because the trial court relied upon hearsay evidence to find him in violation of community control sanctions. According to Morgan, the trial court concluded that he had consumed alcohol, in violation of the court's order, by relying on the unsworn allegations of an informant who did not appear at the revocation hearing, in violation of Morgan's right to confront the witnesses against him. We find nothing in the record which supports this argument.
 {¶ 16} The record demonstrates that Morgan was charged with violating community control by failing to report to the probation department. At the hearing regarding his alleged violation, he admitted that he had indeed failed to report to the probation department. When he told the trial judge that his failure to report was merely an "oversight," she responded:
 {¶ 17} "Not an oversight, it's a blatant disregard for the Court's orders.
 {¶ 18} "As I tell many people, you either serve your felony sentence here in the community on community control by doing all that we order you to do or you hit the highway and go to Lorain Correctional Institution.
 {¶ 19} "So you're in violation of community control.* * *"
 {¶ 20} We find nothing in the record to indicate that the trial court found Morgan in violation because he had consumed alcohol. In light of Morgan's admission that he violated the terms of his community control sanctions by failing to report to the probation department, the trial court did not err in revoking community control and sentencing him to prison.
 {¶ 21} Appellant's second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR.
[1] Pursuant to R.C. 2967.28, a felony sex offense, such as those to which Morgan pled guilty, is subject to five, not three, years mandatory postrelease control.
[2] Any resentencing must occur prior to expiration of the journalized prison term. Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, at ¶ 30.