[Cite as *State v. Armstrong*, 2015-Ohio-4186.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102545

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHAN ARMSTRONG

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-573502-A, CR-13-573557-A, and
CR-14-581553-A

**BEFORE:** Boyle, J., Celebrezze, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**ATTORNEY FOR APPELLANT**

James J. Hofelich
614 West Superior Avenue
Suite 1310
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Shannon M. Musson
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Nathan Armstrong, appeals his sentence. He raises one assignment of error for our review:

> The trial court erred in imposing a term of imprisonment when the trial court failed during the sentencing hearing to advise appellant that a term of imprisonment may be imposed if he violated community control sanctions.

**{¶2}** Finding no merit to his appeal, we affirm.

### Procedural History and Factual Background

**{¶3}** The grand jury indicted Armstrong on three separate cases: Cuyahoga C.P. No. CR-13-573557 on April 25, 2013, Cuyahoga C.P. No. CR-13-573502 on June 19, 2013, and Cuyahoga C.P. No. CR-14-581553 on January 22, 2014.

**{¶4}** In Cuyahoga C.P. No. CR-13-573557, Armstrong was indicted on two counts — receiving stolen property and trafficking in or illegal use of food stamps. He pleaded guilty to an amended indictment of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree. The remaining count was nolled. The trial court sentenced Armstrong to two years of community control sanctions. At the sentencing hearing, the trial court advised Armstrong in relevant part that "[i]f there is a violation of those terms, and I am forced to put you in prison, when you get out, there's postrelease control, parole." In the sentencing entry, the trial court stated that Armstrong could receive "12 months" of prison if he violated the conditions of his community control.

**{¶5}** In Cuyahoga C.P. No. CR-13-573502, Armstrong was indicted for escape, a felony of the fifth degree, which he pleaded guilty to. The trial court sentenced him to two years of community control sanctions, and ordered that it be served concurrent to the sanction in Cuyahoga C.P. No. CR-13-573557. At the sentencing hearing, the trial court advised Armstrong in relevant part that "[i]f you had to come back and you had a violation, I felt it was serious enough, I could impose the time on both cases." The sentencing entry indicated that if Armstrong violated the terms of his community control, he could receive "12 months" of prison.

**{¶6}** In Cuyahoga C.P. No. CR-14-581553, Armstrong was indicted for escape, a felony of the fifth degree, which he pleaded guilty to. The trial court sentenced him to two years of community control sanctions. At the sentencing hearing, the trial court stated that it was "going to combine the probation in this case" with his previous two cases. The trial court further warned Armstrong that he had "three felonies of the fifth degree hanging over his head. You come back again, you've got three years." The trial court further stated, "[y]ou violate on me, or you violate with the probation officer, you're back on a new case, we're talking — there is a year on each of these cases minus the time you have served. I'll impose that if that happens."

**{¶7}** On January 12, 2015, the trial court found Armstrong to be in violation of his community control sanctions. It imposed a one-year prison term on each case and ordered them to be served consecutive to each other, for a total of three years in prison. It is from these judgments that Armstrong appeals.

Law and Analysis

{¶8}  In his sole assignment of error, Armstrong maintains that the trial court erred in sentencing him to prison for violating his community control because it did not notify him of the specific prison term he would receive if he violated at his initial sentencing hearings.

{¶9} This court reviews sentences pursuant to R.C. 2953.08(G)(2), which states in pertinent part:

> The appellate courts' standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * :
>
> * * *
>
> (b) That the sentence is * * * contrary to law.

{¶10} R.C. 2929.19(B)(4) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing:

> the court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender *and shall indicate the specific prison term that may be imposed as a sanction for the violation*, as selected by the court from the

range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

(Emphasis added.)

{¶11} R.C. 2929.15(B), which details procedures for a trial court to follow when an offender has violated the conditions of community control, reiterates the three options available to the sentencing court that are mentioned in R.C. 2929.19(B)(4) and further provides that if an offender violates the conditions and the court chooses to impose a prison term under R.C. 2929.14, the prison term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)[4] of section 2929.19 of the Revised Code."

{¶12} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Ohio Supreme Court held:

> 1. Pursuant to R.C. 2929.19(B)[4], a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing. (*State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, applied and followed.)
>
> 2. Pursuant to R.C. 2929.19(B)[4] and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*Id.* at paragraphs one and two of the syllabus.

{¶13} In *Brooks*, the Supreme Court made clear that the word "specific" meant that a trial court must strictly comply with the notification set forth in R.C. 2929.19(B)(4) and 2929.15(B) at the sentencing hearing. *Id.* at ¶ 19. It stated that when giving the

notification, "the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as 'twelve months' incarceration, if the conditions are violated."  *Id.*

{¶14} *Brooks* addressed a situation where the defendant was informed at his sentencing hearing that if he violated, he could face up to six to 12 months in prison. The defendant subsequently violated the terms of his community control, and the trial court sentenced him to eight months in prison.  The Supreme Court reversed the defendant's sentence because the notification "six to 12 months" was not "specific" as required under R.C. 2929.19(B)(4), but it did not remand for resentencing because the defendant had already served his prison term (stating that normally a defendant would be resentenced without prison being an option).  *Id.* at ¶ 33.

{¶15} Three months later, however, in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, the Supreme Court was faced with a different scenario, one that is exactly on point with the present case.  In *Fraley*, the defendant was initially sentenced in March 1998 to five years of community control sanctions.  The specific term of five years was set forth in the journal entry, but was not mentioned at the sentencing hearing.

{¶16} Fraley pleaded guilty to failure to register in December 1999.  The trial court continued his community control sanctions under the same terms and conditions as previously ordered in the original case.  For his conviction for failure to register, the trial

court sentenced Fraley to a term of community control to run concurrent with the sanctions imposed in the original case. The trial court also notified Fraley, in the journal entry but not at the sentencing hearing, that "further, harsher sanctions, including prison time up to twelve (12) months, could be imposed if defendant does not comply with community sanctions [in his failure to register case]." *Id.* at ¶ 2.

{¶17} On May 8, 2001, the trial court found that Fraley had again violated the terms and conditions of his community control in his original case. The trial court ordered that the violations were not so serious as to require the termination of community control sanctions.

{¶18} On April 9, 2002, Fraley again pleaded guilty to violating the terms and conditions of his community control in his original case and his failure to register case. The trial court again ordered that the violations were not of such a nature as to require the termination of his community control sanctions. For the first time, the trial court notified Fraley at the sentencing hearing that if he violated the community control sanctions again, a prison term would be imposed of four years in the original case and nine months in the failure to register case, and that the sentences would run consecutively.

{¶19} On November 12, 2002, a hearing was held to determine whether Fraley had again violated the terms and conditions of his community control sanctions under both cases. Fraley admitted to a new DUI offense, which violated the terms and conditions of his community control sanctions in both of his previous cases. The trial court terminated Fraley's community control in both cases and found that "pursuant to R.C. 2929.14(B) *

* * the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others." *Id.* at ¶ 15. The trial court also found that Fraley met the criteria for the imposition of consecutive sentences. *Id.* As a result of his DUI offense, the trial court sentenced Fraley to four years in prison for his community control violation in his original case, and to nine months for his failure to register case, to be served consecutively.

{¶20} The certified question presented to the Ohio Supreme Court in *Fraley* was "whether R.C. 2929.19(B)[4] requires a judge to notify a defendant at his initial sentencing hearing, as opposed to any subsequent sentencing hearings, of the specific prison term that may be imposed as a sanction for a subsequent community control violation." *Id.* at ¶ 8.

{¶21} In *Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, the Supreme Court acknowledged its holding in *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, but distinguished it, explaining that *Brooks* dealt with a situation where only one community control violation had occurred. *Id.* at ¶ 11, 15. The Supreme Court went on to state in *Fraley* that it had not yet ruled on a case involving "the timing of notification required by the statute in order to impose a prison term when an offender violates his community control sanctions multiple times." *Id.* at ¶ 15. This is the exact situation we have in the present case.

{¶22} In *Fraley*, the Supreme Court reasoned:

The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation

of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. *State v. Martin*, 8th Dist. [Cuyahoga] No. 82140, 2003-Ohio-3381, ¶ 35. The trial court could therefore comply with both the sentencing statutes and our holding in *Brooks* if, at this second hearing, the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing. We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B).

*Id.* at ¶ 17.

{¶23} The Supreme Court then concluded:

In the case at bar, Fraley, at his initial sentencing hearing in March 1998, was sentenced to five years' community control. He was notified by journal entry only that harsher sanctions, including up to five years of imprisonment, could be imposed if he failed to comply with the sanctions. After this original sentencing hearing, Fraley violated community control four times. After each of the first two violations, the sentencing court continued the previous sanctions and failed to notify Fraley at the sentencing hearings of any specific prison term. At his third violation hearing in April 2002, however, the trial court additionally notified Fraley that if he violated the community sanctions again, specific prison terms would be imposed. Accordingly, at the April 2002 hearing, Fraley was notified of a specific term of imprisonment in compliance with the requirements under R.C. 2929.19(B)(5). When Fraley was found to have violated his community control sanctions in November 2002, the trial court proceeded properly in imposing a prison sentence on him.

*Id.* at ¶ 19.

{¶24} Here, just as in *Fraley*, the trial court did not properly notify Armstrong of the specific sentence he could receive if he violated at his initial sentencing hearing, or at the second hearing (when he was sentenced for escape the first time), but it did at the third hearing (when he was sentenced for escape the second time). At this third hearing, the trial court informed Armstrong that if he violated the terms of his community control

again, that it would impose one year on each case. It also told him at that same sentencing hearing that if he violated, "you've got three years." Then, when Armstrong violated again, the trial court sentenced him to one year on each case, and ordered that they be served consecutive to each other, for a total of three years in prison.

**{¶25}** We conclude that the trial court's notification at the third sentencing hearing — that it would impose "one year on each case" and that he faced "three years" — to be a proper notification under R.C. 2929.15(B)(4).

**{¶26}** Accordingly, we overrule Armstrong's sole assignment of error.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

FRANK D.   CELEBREZZE, JR., A.J., and
LARRY A.   JONES, SR., J., CONCUR