[Cite as *State v. Hefner*, 2018-Ohio-2344.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO.  8-17-44

    v.

HARLEY J. HEFNER,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR14-10-0228

Judgment Affirmed

Date of Decision:   June 18, 2018

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Sarah J. Warren* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Harley Hefner ("Hefner"), brings this appeal from the October 17, 2017 judgment entry of the Logan County Common Pleas Court revoking his community control and sentencing him to a seven-year prison term. For the reasons set forth below, we affirm the judgment of the trial court.

*Facts and Procedural History*

{¶2} On October 14, 2014, Hefner was indicted on six criminal charges in Logan County: Count One, Burglary, in violation of R.C. 2929.11(A)(2), a felony of the second degree; Count Two, Burglary, in violation of R.C. 2929.11(A)(2), a felony of the second degree; Count Three, Burglary, in violation of R.C. 2929.11(A)(2), a felony of the second degree; Count Four, Burglary, in violation of R.C. 2929.11(A)(2), a felony of the second degree; Count Five, Burglary, in violation of R.C. 2929.11(A)(2), a felony of the second degree; and Count Six, Breaking and Entering, a violation of R.C. 2911.13(A), a felony of the fifth degree. (Doc. 2).

{¶3} Ultimately, Hefner was convicted in the trial court of one count of burglary and one count of breaking and entering. A sentencing hearing was held in the trial court on February 9, 2015 wherein Hefner was sentenced to five years of community control and was ordered to successfully complete a six-month

residential program at West Central Community Corrections Facility. Further, in its sentencing entry, the trial court notified Hefner as follows:

> **"Defendant is notified that any violation of the terms and conditions of community control may result in the Court imposing a longer time under the same sanction, or the Court may impose a more restrictive sanction, or the Court may impose a prison term of Six (6) years for the crime of Burglary and a prison term of One (1) year for the crime of Breaking and Entering for a total of Seven (7) years."** (Doc. 34).

Hefner did not appeal this entry.

{¶4} While on community control, Hefner's probation officer filed several motions to revoke Hefner's community control, including one filed on July 27, 2017. In that motion, Hefner's probation officer alleged that Heffner was in possession of methamphetamines and amphetamines and resisted a lawful arrest by law enforcement, all of which were in violation of the following community control sanctions imposed upon Hefner by the trial court:

> **"I will obey federal, state and local laws and ordinances, including those related to illegal drug use and registration with authorities. * * *."** (Doc. 111, Exhibit A).

{¶5} The trial court conducted a community control violation hearing on September 5, 2017, at which time Hefner admitted to violating his community control. The trial court then proceeded to sentence Hefner to a prison term of six years for the burglary conviction and one year for the breaking and entering

conviction. The trial court ordered the prison terms to be served consecutively, for an aggregate sentence of seven years. (Doc. 120).

{¶6} Hefner appealed the trial court's sentence, raising the following assignment of error.

**ASSIGNMENT OF ERROR**

**THE RECORD IN THIS MATTER DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO STATE LAW R.C. 2929.14.**

{¶7} In his sole assignment of error, Hefner argues that the sentences imposed by the trial court were too harsh and that the trial court did not take into consideration Hefner's attempts at rehabilitation. We disagree.

*Standard of Review*

{¶8} A sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ward*, 3d Dist. Crawford No. 3-17-02, 2017-Ohio-8518.

*Analysis*

{¶9} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v.*

*Castle*, 2nd Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶26, quoting *State v. King*, 2nd Dist. Clark Nos. 2012-CA-25, 2012-CA-26 ¶ 45, 2013-Ohio-2021.

{¶10} At the time of the original sentence placing a defendant on community control, the trial court must notify the defendant of the duration of the possible prison term that could result if community control is violated. R.C. 2929.19(B)(4). Following a community control violation, the trial court must comply with the sentencing requirements when ordering a sentence for the violations. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶35. Our review of the record reveals that Hefner was informed at his original sentencing hearing (held February 9, 2015) that if he violated the terms of his community control, he could receive a total of seven years in prison.

{¶11} At Hefner's September 5, 2017 sentencing hearing for his violation of community control, the trial court indicated that it had considered Hefner's prior criminal history, his multiple community control violations, his failed attempts at rehabilitation, and the need to protect the public from Hefner. Additionally, the trial court stated:

> **"In addition to the violations of substance abuse, your conduct in causing other criminal charges to be placed against you has been a factor to be considered. After review of all circumstances, the Court finds that you are no longer amendable to community control."** (Sept. 5, 2017 Tr. Pg. 18).

Case No. 8-17-44

And:

> **"The Court finds that consecutive sentences are necessary to protect society, to punish the defendant that [sic] are not disproportionate sentences. The Court finds that the defendant's [sic] committed criminal conduct while under court sanction. The Court finds the defendant's criminal history shows that consecutive terms are necessary to protect the public."** (Sept. 5, 2017 Tr. Pg. 19).

The trial court then proceeded to sentence Hefner to consecutive prison terms for his burglary and breaking and entering convictions.

{¶12} We find that the prison terms imposed by the trial court were within the statutory range and that Hefner was properly notified of the potential consequences should he violate the community control sanctions imposed by the Court. We further find that Hefner has failed to demonstrate that the sentences of the trial court were clearly and convincingly contrary to law in light of his failed attempts at rehabilitation, multiple probation violations and new criminal charges. Thus, Hefner's argument that his consecutive sentences were contrary to law is not well-taken and his sole assignment of error is overruled.

{¶13} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Logan County Common Pleas Court is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**