JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lisa Goforth, appeals the trial court's imposition of a two-year term of incarceration. For the reasons set forth below, we reverse the judgment, vacate her prison sentence, and order her discharged.
 {¶ 2} On January 20, 2004, the Cuyahoga County Grand Jury indicted appellant on two counts of felonious assault in violation of R.C. 2903.11. Appellant pled not guilty to the charges in the indictment.
 {¶ 3} On April 28, 2004, appellant pled guilty to felonious assault as charged in count one of the indictment and the state nolled or dismissed the second count of felonious assault. On June 1, 2004, the trial court sentenced appellant to four years of community control sanctions with conditions and provided that, should appellant fail to meet the mandates of the sanctions, she would be sentenced to prison. The court, however, did not provide a specific prison term.
 {¶ 4} On September 24, 2004, after a hearing, the trial court found appellant in violation of community control sanctions. The court continued community control sanctions and notified appellant that failure to comply with the terms and conditions of the sanctions may result in more restrictive sanctions as approved by law. The court again was silent as to a possible prison term for violation of said sanctions.
 {¶ 5} On November 21, 2006, the trial court again found appellant in violation of community control sanctions and ordered continued supervision. This time the court further notified appellant that, should she fail to comply with the court's orders, she could face eight *Page 4 
years imprisonment.
 {¶ 6} On August 29, 2007, the trial court again found appellant in violation of community control sanctions and again continued the sanctions. The court also informed appellant she could be ordered to serve eight years in prison should she violate the terms of these sanctions.
 {¶ 7} On October 18, 2007, appellant returned to the court for violations of her community control sanctions. Appellant admitted to being in violation and the trial court sentenced appellant to two years imprisonment. Appellant objected to the court's sentence, arguing that the trial court's original sentencing journal entry from June 8, 2004 did not provide a specific prison term should appellant violate community control sanctions.
 {¶ 8} Appellant now appeals and asserts one assignment of error for our review. Appellant's sole assignment of error states:
 {¶ 9} "The trial court was without jurisdiction and abused its discretion and violated Appellant's constitutional and statutory rights when it sentenced Appellant to prison although it never notified Appellant in the sentencing journal entry that a prison sentence may be imposed for violation of community control sanctions."
 {¶ 10} Appellant argues that the trial court erred in sentencing her to a term of imprisonment because the court failed to notify her, at her original sentencing hearing or in any judgment entry, of the specific prison term that may be imposed for a violation of the conditions of sanctions. *Page 5 
 {¶ 11} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837, the Supreme Court of Ohio held:
 {¶ 12} "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id. at paragraph two of the syllabus.
 {¶ 13} Notification of the specific prison term, however, need not occur at the original sentencing hearing. State v. Fraley,105 Ohio St.3d 13, 18, 2004-Ohio-7110, 821 N.E.2d 995. Because an offender under a community control sanction is sentenced "anew" following each violation of the sanction, a sentencing court complies with any relevant sentencing statute by notifying the offender of a specific prison term at subsequent sentencing hearings. Id. "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for such a subsequent violation." Id. at syllabus.
 {¶ 14} On October 18, 2007, after appellant admitted violating her community control sanctions, the trial court sentenced her to two years imprisonment. Appellant objected to the imposition of a prison sentence, arguing that the trial court failed to notify her, at the original *Page 6 
sentencing hearing, of the specific prison term she could face should she violate sanctions.
 {¶ 15} Although the trial court did not inform appellant of the specific prison term at the original sentencing hearing, a review of the transcript reveals that the trial court informed appellant at the sentencing hearing preceding the violation, on August 29, 2007, that another violation of her community control would result in a specific prison term of eight years. More specifically, the trial court stated:
 {¶ 16} "Remember, if you fail to comply, I'm not giving you another chance. This is an F-2, felonious assault. It's a serious case. Your victim was seriously injured.
 {¶ 17} "You know, your drug usage is only going to go so far and you'll go to prison, and you're going to have potentially eight years in prison."
 {¶ 18} In its journal entry filed September 4, 2007, however, the trial court failed to notify appellant of the specific prison term or that any prison time may be imposed. The journal entry states in relevant part:
 {¶ 19} "Defendant, Lisa Goforth, in open court represented by counsel for hearing on alleged violation of community control sanctions. Hearing had. Court finds defendant, Lisa Goforth, to be in violation of community control sanctions. Community control is continued. Successfully complete an in-patient treatment program."
 {¶ 20} The journal entry is silent as to the possibility of incarceration following a community control sanction. "Based on the continuous goal of `truth in sentencing,' a trial court must first notify a defendant at a sentencing hearing of the specific prison term that it *Page 7 
will impose if he violates community control. Notification must also be contained in the accompanying sentencing journal entry." State v.McWilliams, Summit App. No. 22359, 2005-Ohio-2148. Accordingly, the trial court erred in imposing a term of imprisonment for the community control violation because the trial court failed to advise appellant in the judgment entry of the preceding sentencing hearing that she would be subject to a specific prison time if she violated community control sanctions. The judgment of the trial court is reversed and the case is remanded with instructions to vacate the prison sentence and to discharge appellant.
 {¶ 21} Judgment reversed, sentence vacated and defendant discharged.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1