[Cite as *State v. Wells*, 2013-Ohio-1179.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   98428

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT WELLS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-536495

**BEFORE:**   Boyle, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   March 28, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Justine Dionisopoulos
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Robert Wells, appeals his sentence, raising the following three assignments of error:

I.   The trial court acted contrary to law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code.

II.   The trial court erred in imposing a near maximum, consecutive sentence without considering sentencing factors or the circumstances surrounding appellants' violation.

III.   The trial court erred in imposing court costs without mentioning the costs at sentencing.

{¶2}   Finding some merit to the appeal, we affirm the trial court's imposition of consecutive sentences but reverse its imposition of court costs, remanding solely on this issue and allowing Wells to raise the issue of his indigency.

### Procedural History and Facts

{¶3}   In April 2011, Wells pleaded guilty to two counts of criminal nonsupport, in violation of R.C. 2929.21(A)(2), a fifth degree felony.   At the sentencing hearing, the trial court ordered Wells to be placed on community controlled sanctions for 60 months with the following conditions: (1) 120 hours of court community work service, (2) random drug testing, (3) maintain verifiable employment, (4) report to the probation department, and (5) pay the current child support order — $470.76 in current support per month and $94.10 toward arrears.   The trial court further warned Wells as follows:

If you violate, you'll receive 12 months in prison on each of the two

felonies of the fifth degree.   Those will run consecutive to each other.

Twenty-four months in prison. Pay costs and fees. Nobody wants you to go to prison. We want you to support your kids the best you can. You can do better than you're doing. And you know that.

{¶4} One year later, the court held a probation violation hearing as a result of Wells failing to report to probation. According to probation officer Erin Becker, Wells last reported to probation on July 20, 2011. She further represented to the court that Wells had only paid $285.80 toward child support since the trial court's order, that he failed to submit to drug testing, and that he failed to perform his community service hours.

{¶5} Wells admitted to failing to report to the probation department. As for his child support payment, Wells indicated to the court that he has obtained employment where the child support is now automatically deducted.

{¶6} The trial court revoked Wells's community control sanctions after finding him in violation. The trial court then sentenced him to prison for 11 months on each count, and ordered that they run consecutively for a total of 22 months in prison.

{¶7} Wells now appeals his sentence.

### Standard of Review

{¶8} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of

discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

Consecutive Sentences

{¶9} In his first assignment of error, Wells argues that the trial court lacked authority to impose consecutive sentences under former R.C. 2929.41(A) as enacted under H.B. 86 — the version in effect at the time of sentencing, which provided:

> (A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶10} Wells contends that none of the exceptions to the presumption of concurrent sentences apply, and therefore the trial court lacked authority to impose consecutive sentences. This argument, however, is premised on an established typographical error in the statute that has since been corrected by the General Assembly. *See* R.C. 2929.41

(amended on September 28, 2012 by S.B. 337 for the specific purpose of substituting R.C. 2929.14(C) for R.C. 2929.14(E) in the first sentence of (A)).

**{¶11}** Notably, in enacting H.B. 86, and following the Ohio Supreme Court's decision in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the General Assembly expressed its intent to revive the statutory fact-finding provisions that existed as a prerequisite to imposing consecutive sentences that were effective before *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Under a prior version of Ohio's sentencing law, the judicial fact-finding requirements for consecutive sentencing were contained in R.C. 2929.14(E); now they appear in R.C. 2929.14(C). Adhering to well-established statutory principles, this court has already determined that the reference to R.C. 2929.14(E) in 2929.41(A) was legislative oversight and "resulted in the failure to update the cross-reference in the 'revived' R.C. 2929.41(A) from 'division (E) of section 2929.14' to 'division (C) of 2929.14.'" *State v. Ryan*, 8th Dist. No. 98005, 2012-Ohio-5070, ¶ 19. Indeed, "it is clear from the legislature's stated intent that it revived the former presumption for concurrent sentences in R.C. 2929.41(A) unless the trial court makes the required findings for consecutive sentences in R.C. 2929.14(C)(4)." *State v. Walker*, 8th Dist. No. 97648, 2012-Ohio-4274, ¶ 81, fn. 2. Accordingly, R.C. 2929.41(A) must be applied as the legislature intended it to be applied, thereby giving effect to R.C. 2929.14(C) as a means for imposing consecutive sentences. *Ryan* at ¶ 22. Therefore, under R.C. 2929.14(C), the trial court has the authority to impose consecutive sentences in this case.

{¶12} Turning to Wells's second assignment of error, the issue in this case is whether the trial court complied with R.C. 2929.14(C) by making the necessary findings to support the imposition of consecutive sentences.   R.C. 2929.14(C)(4), as revived, now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences.   First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender."   *Id.*   Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."   *Id.*   Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.   *Id.*

{¶13} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4).   In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing."   *State v. Brewer*, 1st

Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But it must be clear from the record that the trial court actually made the findings required by statute. *See State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶14} Prior to imposing consecutive sentences, the trial court made the following findings:

> Now, I've issued consecutive sentences here and these are discretionary consecutive sentences. I believe that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct of the defendant. The rearage [sic] amount here is $38,992.58.

You know, I spent 24 years in domestic relations law prior to becoming a judge and that is as high as any number I ever heard before. I put you on community-control to give you an opportunity and you've paid only $285. You haven't cooperated in any way of any substantial manner except completing a class. You failed to submit to drug tests. Failed to show for employment programming. So, I believe this is the appropriate sentence at this time.

{¶15} We find that these findings sufficiently comply with R.C. 2929.14(C)(4) to warrant the imposition of consecutive sentences. It is clear that the trial court found that consecutive sentences were necessary to adequately punish Wells for his crime, that they were not disproportionate to the seriousness of Wells's conduct and his repeated harm, and finally that consecutive sentences are necessary to protect the public from future crime.

{¶16} We further find that the trial court properly considered the purposes of the sentencing guidelines prior to imposing the prison term.   Notably, the trial court imposed the consecutive sentences in this case only after Wells violated several terms of the community controlled sanctions that the trial court originally imposed.   Pursuant to R.C. 2929.15(B)(1)(c), the trial court is expressly authorized to impose a prison term upon an offender who violates the conditions of a community control sanction.   The trial court, however, cannot impose a prison term that exceeds the prison term specified in the notice provided to the offender at the sentencing hearing.   *See* R.C. 2929.15(B)(2); *State v. Goforth*, 8th Dist. No. 90653, 2008-Ohio-5596.   Here, the trial court previously notified Wells that if he violated the terms of his community controlled sanctions that the court would impose the maximum and consecutive sentences.   It therefore complied with R.C. 2929.15 and acted well within its authority in imposing 22 months in prison (less than the maximum).

{¶17} The second assignment of error is overruled.

### Court Costs

{¶18} In his final assignment of error, Wells argues that the trial court erred in imposing court costs in its sentencing journal entry without mentioning the costs at sentencing.   The Ohio Supreme Court has held "that a court errs in imposing court costs without so informing a defendant in court."   *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 1.   The rationale behind this principle is that when court costs are not mentioned at the sentencing hearing the defendant is denied the

opportunity to seek a timely waiver of those costs. *State v. Mays*, 2d Dist. No. 24168, 2012-Ohio-838, ¶ 16.

**{¶19}** The state counters that the trial court mentioned costs at the first sentencing hearing when it imposed community controlled sanctions. While this is true, we find that the trial court should have raised the issue at the sentencing hearing where it imposed the consecutive sentences and actually imposed the court costs. Indeed, Wells's indigency may not have been an issue at the first hearing but later an issue at the subsequent sentencing hearing.

**{¶20}** Here the trial court failed to tell Wells at the sentencing hearing that it was imposing court costs on him. The remedy for this error, which we grant, is remanded for the limited purpose of the defendant to seek a waiver of court costs. *See Mays* at ¶ 17.

**{¶21}** The third assignment of error is sustained.

**{¶22}** Consecutive sentences are affirmed. The imposition of court costs is reversed and the case is remanded on this single issue.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR