[Cite as *State v. Oulhint*, 2013-Ohio-3250.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99296**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ABDELAZIZ O. OULHINT

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-553165

**BEFORE:** Blackmon, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building
Suite 940
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew Santoli
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Abdelaziz O. Oulhint ("Oulhint") appeals his sentence and assigns the following two errors for our review:

**I. Appellant is entitled to a de novo sentencing hearing as the trial court failed to impose a period of postrelease control at the original sentencing hearing or at the previous community control sanction hearing.**

**II. The trial court was without jurisdiction and abused its discretion and violated appellant's constitutional and statutory rights when it sentenced appellant to prison although it never notified appellant at the violation hearing or in the journal entry that a specific prison sentence may be imposed for violation of community control sanctions.**

{¶2} Having reviewed the record and pertinent law, we affirm Oulhint's sentence. The apposite facts follow.

## Facts

{¶3} The Cuyahoga County Grand Jury indicted Oulhint for one count of grand theft. On September 28, 2011, Oulhint pleaded guilty to the single count indictment. At the plea hearing, the court asked Oulhint, "Do you also understand that you may be subject also to discretionary post-release control up to three years?" Oulhint responded that he understood.

{¶4} The court also advised at the hearing:

**If the court imposes a prison term, upon completion of that term, the State of Ohio Adult Parole Authority has the choice and not this court as to whether or not the Adult Parole Authority will supervise you for up to three years under what is called postrelease control.**

> **If you fail to meet the terms and conditions of any post-release control supervision imposed upon you, then the Adult Parole Authority can modify and/or extend your supervision and make it more restrictive, incarcerate you for up to one-half of the original sentence imposed by the court, charge you with a new offense called escape, another felony where you would face additional prison time; and if you commit a new crime while on postrelease control, you can face the maximum penalties under the law for the new crime committed.**

Tr. 12.  Oulhint indicated that he understood.

{¶5}  The court then continued the matter for sentencing for a presentence investigation report to be compiled.

{¶6}  On October 25, 2011, a sentencing hearing was conducted at which time the court sentenced Oulhint to 18 months of community control with conditions.  The court advised Oulhint:

> **If you violate the terms of your community control sanctions, violate any law or leave the state without the permission of your probation officer, the court may impose a more restrictive sanction or may impose a prison term up to eighteen months which may run consecutively to any prison term imposed for an offense committed while on community control.**

Tr. 27.

{¶7}  On January 20, 2012, Oulhint was found to have violated the terms of his community control because: he submitted positive urinalysis for cocaine on December 12, 2011, and January 4, 2012; was found guilty of theft in Lakewood Municipal Court; failed to attend AA/NA meetings; and failed to make monthly payments towards his supervision fees.  The trial court decided to continue the community control with the same conditions.

**{¶8}** On November 12, 2012, a hearing was conducted because Oulhint had again violated the conditions of his community control by being convicted for petty theft in Rocky River Municipal Court. Also, while he was in a treatment program he was caught attempting to sell medication to other residents in the program. The trial court found Oulhint to be a violator and sentenced him to eight months in prison.

## Postrelease Control

**{¶9}** In his first assigned error, Oulhint argues that he is entitled to a de novo sentencing hearing because the trial court failed to advise him of postrelease control at his original sentencing hearing.

**{¶10}** At his plea hearing, the court advised Oulhint that if he was sentenced to prison, he would be subject to postrelease control for up to three years. At the sentencing hearing, the trial court decided to impose community control instead of a prison term.

**{¶11}** R.C. 2929.19(B) provides that, if the sentencing court decides that a community control sanction is appropriate, the court:

> **shall notify the offender that, if the conditions of the sanction are violated * * *, the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.**

R.C. 2929.15(B) sets forth the options from which the court may choose for any violations of the conditions of a community control sanction; it states that the sentencing court "may impose a longer time under the same sanction," that it "may impose a more restrictive sanction," or, too, it "may impose a prison term on the offender pursuant to 2929.14 of the Revised Code."

**{¶12}** Absent from the above statutes is a requirement that a court that chooses to impose community control sanctions as an initial sentence must inform the offender of postrelease control. Such a requirement applies, instead, when the trial court chooses at the original sentencing hearing to impose the sanction of a prison term. R.C. 2967.28(B) and 2929.19(B)(3). This court previously observed:

> **Nothing in * * * R.C. 2929.19(B)(5) itself requires the court to inform a defendant who is being sentenced to community control sanctions, at the sentencing hearing, that if he violates the conditions of his sanctions, and if the court sentences him to a term of imprisonment for that violation, and if he violates prison rules, the parole board may extend his prison term. Likewise, there is no requirement that the court imposing community control sanctions must inform the defendant that if he is later sentenced to a term of imprisonment for violation of the conditions of his sanctions, then post-release control may be imposed. These contingencies are not part of the "specific prison term" that can be imposed in the event of a future violation of the conditions of post-release control**.

*State v. Harris*, 8th Dist. No. 89971, 2008-Ohio-2175, ¶ 7. *See also State v. Davis*, 8th Dist. No. 93959; *State v. Lindsey*, 8th Dist. No. 93958, 2010-Ohio- 4889.

**{¶13}** Thus, because the trial court was not obligated to notify Oulhint that postrelease controls would apply if the court were to impose a prison sentence, the trial court did not err. Accordingly, Oulhint's first assigned error is overruled.

### Notification of Prison Term

**{¶14}** In his second assigned error, Oulhint argues the trial court erred by imposing a prison sentence for his violation of community control because the court failed to notify Oulhint at the first violation hearing or in the journal entry that he could be sentenced to a prison term if he continued to violate the terms of his community control.

**{¶15}** At Oulhint's original sentencing hearing, where the trial court sentenced Oulhint to community control, the trial court advised Oulhint:

> **If you violate the terms of your community control sanctions, violate any law or leave the state without the permission of your probation officer, the court may impose a more restrictive sanction or may impose a prison term up to eighteen months which my run consecutively to any prison term imposed for an offense committed while on community control.**

Tr. 27.

**{¶16}** In an entry from January 22, 2012, the court indicated that the parties waived the violation hearing for Oulhint's first community control violation. In the entry, the court concluded that Oulhint was a probation violator for testing positive for drugs and failing to make monthly payments for his supervision fees. This is the journal entry that Oulhint contends fails to advise him that prison would be imposed if he continued to violate the conditions of his community control.

**{¶17}** However, at Oulhint's original sentencing hearing and in the original sentencing entry, the trial court advised Oulhint that he could be sentenced to 18 months in jail if he violated the conditions of his community control. Therefore, Oulhint was well aware that he could be sentenced to up to 18 months in prison if he violated the conditions of his community control.

**{¶18}** The cases on which Oulhint relies in support of his argument that the court must also notify Oulhint of the specific prison term that could be imposed at subsequent violation hearings are distinguishable. In both *State v. Goforth*, 8th Dist. No. 90653, 2008-Ohio-5596, and *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-711, 821 N.E.2d 995, the trial court failed to advise the defendant at the original sentencing hearing

regarding the specific prison term the court could impose if the defendant violated the terms of his community control. However, in those cases, the courts held that no error occurred because the court advised the defendants at subsequent violation hearings the terms that could be imposed.

{¶19} We distinguished these cases on similar grounds in *State v. Hodge*, 8th Dist. No. 93245, 2010-Ohio-78. In *Hodge*, we held:

> **We construe the holding of the Supreme Court in *Fraley* narrowly to mean that a trial court that fails to notify a defendant of the specific penalty he will face upon violation of community control sanctions at the initial sentencing, may "cure" that failure at a subsequent violation hearing by then advising the defendant of the definite term of imprisonment that may be imposed upon any subsequent finding of violation. We find nothing in the statute or *Fraley* that requires a legally adequate notification in the first instance be given over and over again.**
>
> **Finally, Hodge's citation to *State v. Goforth*, Cuyahoga App. No. 90653, 2008-Ohio-5596, is not persuasive. Goforth argued "that the trial court erred in sentencing her to a term of imprisonment because the court failed to notify her, at the original sentencing hearing or in any judgment entry, of the specific prison term that may be imposed for a violation of the conditions of sanctions." (Emphasis added.) *Id*. at ¶ 10. That is not the case in the matter at bar; Hodge was clearly notified by judgment entry at the time of the original sentencing that he would be imprisoned for one year if he violated his community control sanctions. The language in *Goforth* that states "[a]ccordingly, the trial court erred in imposing a term of imprisonment for the community control**

**violation because the trial court failed to advise appellant in the judgment entry of the preceding sentencing hearing that she would be subject to a specific prison time if she violated community control sanctions[,]" is, in short, about the necessity of the notice being contained in a judgment entry, not about the timing of the notice.**

*Id.* at ¶ 9, 10.

{¶20} Here, because the trial court advised Oulhint at the original sentencing hearing of the specific prison term he faced if he violated the conditions of his community control, it was under no duty to continue to readvise him of the possible sentence at subsequent hearings. Accordingly, Oulhint's second assigned error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR