[Cite as *State v. Lee*, 2014-Ohio-30.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99853**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REGGIE J. LEE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558760

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 9, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue East
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Daniel T. Van
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant Reggie Lee appeals from his 11-month sentence for violating community control sanctions. Lee argues that the trial court lacked jurisdiction to impose a prison sentence, because it had failed to properly notify him that a prison sentence could be imposed if he violated the terms of his probation. We conclude that the trial court provided Lee with the proper notification and that the trial court possessed the authority to impose a prison sentence. Accordingly, we affirm the trial court's final judgment.

{¶2} Pursuant to a plea agreement with the state, Lee pleaded guilty to attemped carrying a concealed weapon, a fifth-degree felony. On April 26, 2012, the trial court sentenced Lee to one year of community control sanctions (hereinafter "community control" or "probation") under the probation department's supervision. At the sentencing hearing, the trial court informed Lee that if he violated the conditions of his probation, Lee could be imprisoned for 12 months, in addition to three years of postrelease control. Similarly, the journal entry setting forth Lee's sentence stated that "violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 12 month(s) as approved by law. Defendant advised of postrelease control for up to 3 years."

{¶3} On July 20, 2012, Lee appeared before the trial court for his first probation violation hearing. At the hearing, Lee admitted to violating the terms of his probation.

The trial court continued Lee on community control, noting that it was Lee's first violation and warning Lee that no further violations would be tolerated. The trial court's journal entry stated that "community control is continued with prior conditions. No further violations will be tolerated."

{¶4} Three months later, on October 19th, Lee was back in court for his second probation violation hearing. The trial court found that Lee had, again, violated probation. Although the trial court decided to give Lee one more opportunity to continue on probation, Lee was informed at the hearing that he would be sent to prison if he violated probation again. The journal entry set forth that community control was continued and modified, adding an additional requirement that Lee participate in both the Thinking for a Change program and an outpatient drug treatment program.

{¶5} On January 2, 2013, a capias was issued for Lee, because he was alleged to have violated the terms and conditions of community control. Lee failed to appear in court as required, and on April 17, 2013, Lee was taken into custody. On April 26, 2013, the trial court conducted the third probation violation hearing. After determining that Lee had committed additional probation violations, the trial court terminated Lee's community control, concluding that Lee had "utterly failed" to comply with probation. Lee was sentenced to prison for 11 months.

{¶6} In his sole assignment of error, Lee argues that the trial court lacked jurisdiction and abused its discretion in sentencing Lee to prison, because the trial court never notified Lee at the probation violation hearings or in the corresponding journal

entries that a specific prison sentence could be imposed for violating community control sanctions.    A

> trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.

{¶7} Lee acknowledges that when the trial court originally imposed the community control sanction on April 26, 2012, it made clear, both from the bench and from its journal entry, that if Lee violated the conditions of community control, he could face a 12-month prison sentence, with three months of postrelease control.    But Lee asserts that the trial court was required to repeat this information at the subsequent probation violation hearings.    According to Lee, the trial court was required to readvise Lee at the subsequent probation violation hearings about the specific prison term that could be imposed if Lee violated the terms of probation.    Lee asserts that because the trial court did not repeat this specific information at the first two probation violation hearings, the trial court lacked jurisdiction to sentence Lee to prison at his third probation violation hearing.    Lee's position on appeal is out of step with our case law.

{¶8} We rejected this exact same argument in *State v. Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250.[1]    In that case, the trial court provided the defendant with

---

[1]The defendant in *Oulhint* was represented on appeal by the same attorney who is representing

the required notifications at the original sentencing hearing by informing the defendant that he could be subject to a specific prison term if he violated the terms of his community control. Following the defendant's first probation violation, the trial court continued community control, and did not readvise the defendant that future failures to abide by the terms of probation could result in a prison sentence. After the defendant violated community control a second time, the trial court sentenced the defendant to prison. The defendant argued on appeal that the trial court lacked jurisdiction to impose the prison sentence because the trial court had failed to notify him at the first violation hearing or in the journal entry that he could be sentenced to a prison term if he continued to violate the terms of his community control.

{¶9} We disagreed, concluding that the trial court had adequately notified the defendant at the original sentencing hearing of the specific prison term he faced if he violated the conditions of his community control. We explained that the trial court had no duty to readvise the defendant of the possible sentence at subsequent hearings. *Id.* at¶ 20, citing *State v. Hodge*, 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78, ¶ 9, 10 (explaining that the law does not require that "a legally adequate notification be given over and over again"). In this case, Lee's argument is no different than the one we rejected in *Oulhint*, and we, therefore, overrule the sole assignment of error.[2]

---

Lee in the instant appeal.

[2]If anything, Lee's argument is less compelling than the one made in *Oulhint*, because each time that the trial court continued Lee's community control, it reminded Lee that he could be sentenced to a prison term for a future violation.

**{¶10}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR