[Cite as *State v. Hereford*, 2020-Ohio-3587.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,                   :

                                Nos. 107996 and 108480

    v.                                             :

DARIUS HEREFORD,                     :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 2, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-15-600884-A, CR-16-608844-A,
CR-18-631059-A, CR-18-631844-A, and CR-18-633903-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anna M. Herceg, Assistant Prosecuting
Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} In this delayed, consolidated appeal, defendant-appellant Darius Hereford ("Hereford") appeals his sentence arising from multiple cases. The release of this opinion was deferred pending resolution of the determinative opinion in

*State v. Howard*, Slip Opinion No. 2020-Ohio-3195. We affirm the trial court's judgment.

**{¶ 2}** On October 27, 2016, Hereford was charged in Cuyahoga C.P. Nos. CR-15-600884 and CR-16-608844 for receiving stolen property, R.C. 2913.51(A), fourth-degree felonies. Hereford pleaded guilty to the amended charges of attempted receiving stolen property, R.C. 2923.02 and 2913.51(A), fifth-degree felonies.

**{¶ 3}** On January 30, 2017, Hereford was sentenced to community control sanctions ("CCS") to be served at a community-based control facility ("CBCF"):

> So we're going to give you that one-year period of supervision by the probation department in each of these two case numbers so you'll be doing one thing but it will be satisfying a sentence in each Case Number. So you'll go to the CBCF. * * *
>
> Now, you're on a community sentence. If you violate, the Court will return you to the courtroom and every time I do that, your — and you're found in violation, I can sentence you all over again. I can keep you on the community sentence once you violate if I want to or I can send you to prison.
>
> * * *
>
> If I do send you to prison, I can make it one-year consecutive on each of these cases; understood?

(Tr. 35-37.)

**{¶ 4}** The journal entries document the findings:

> One year of community control on each count, under the supervision of the adult probation department's CBCF unit with the following conditions: defendant to abide by all rules and regulations of the probation department.
>
> * * *

Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 1 year(s) as approved by law.

Should defendant be sentenced to prison on this case, it would be served consecutive with case number [CR-16-]608844.

Journal entry No. 97413307 (Jan. 30, 2017), Cuyahoga C.P. No. CR-15-600884. The sentencing entry in Cuyahoga C.P. No. CR-16-608884 mirrors Cuyahoga C.P. No. CR-15-600884 except that it cross-references Cuyahoga C.P. No. CR-15-600884.

**{¶ 5}** On June 22, 2017, Hereford failed to return to CBCF while on a work pass and was later arrested on new charges. On September 4, 2018, Hereford admitted to the violation in the instant cases. The trial court extended the sanctions to September 4, 2020.

So the Court's going to extend your supervision for a two-year period starting today. I'm going to remind you that you still have one- year in prison hanging over your head.

I will remind you that anytime you violate the Court can extend your supervision, change terms of supervision, or send you to prison[.]

(Tr. 50-51.)

**{¶ 6}** The judgment entries provide:

Court finds defendant Darius Xavier Hereford, to be in violation of community control sanctions. Community control is extended to 09/04/2020. Defendant is continued on supervision in Group D. Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 1 year(s) as approved by law. This sentence would be served consecutive with CR 608844.

Journal entry No. 105312375 (Sept. 4, 2018), Cuyahoga C.P. No. CR-15-600884. The language in Cuyahoga C.P. No. CR-16-608844 echoes that of the companion case.

{¶ 7} Hereford was subsequently charged in three additional cases Cuyahoga C.P. Nos. CR-18-631059, CR-18-631844, and CR-18-633903. On November 15, 2018, Hereford enter a global plea agreement:

> Cuyahoga C.P. No. CR-18-631059, obstructing official business, R.C. 2921.31(A), fifth-degree felony, sentenced to 12 months at the Lorain Correctional Institution, to be served concurrent with the sentences in Cuyahoga C.P. Nos. CR-18-631844 and CR-18-633903, but consecutive to the sentences in Cuyahoga C.P. Nos. CR-16-608844, and CR-15-600884.
>
> Cuyahoga C.P. No. CR-18-631844 — two counts of aggravated menacing, R.C. 2903.21(A), a first-degree misdemeanor, sentenced to 180 days in county jail for each count, to be served concurrent to each other and concurrent to the sentences in Cuyahoga C.P. Nos. CR-15-600884, CR-16-608844, CR-18-631059, and CR-18-633903.
>
> Cuyahoga C.P. No. CR-18-633903, grand theft, R.C. 2913.02(A)(1), a fourth-degree felony, sentenced to Lorain Correctional Institution for 18 months to be served concurrent with Cuyahoga C.P. No. CR-18-631059.

{¶ 8} In Cuyahoga C.P. No. CR-15-600884, Hereford was

> sentenced to the Lorain Correctional Institution for a term of 1 year(s). This sentence is to be served consecutive to [the one-year term in] Cuyahoga C.P. No. CR-16-608844 and also consecutive to the two concurrent sentences in Cuyahoga C.P. Nos. CR-18-631059 [12 months] and CR-18-633903 [18 months]. No jail time credit applies to this case as the jail time credit is given in case number Cuyahoga C.P. No. CR-16-608844.

Journal entry No. 106326861 (Nov. 15, 2018), Cuyahoga C.P. No. CR-15-600884.

{¶ 9} The trial court also terminated the CCS in Cuyahoga C.P. No. CR-16-608844, and sentenced Hereford to Lorain Correctional Institution for a term of one year. "This sentence is to be served consecutive with [Cuyahoga C.P. No.] CR-15-600884 and consecutive with the two concurrent case numbers [Cuyahoga C.P. Nos.] CR-18-631059 [12 months] and CR-18-633903 [18 months]." Journal entry No. 106327053, p. 1 (Nov. 15, 2018). "Defendant to receive jail-time credit for 419 day(s), to date." *Id.* Hereford was sentenced to a total of three and one-half years.

{¶ 10} In summary, Hereford was sentenced to:

Cuyahoga C.P. No. CR-15-600884: 1 year in prison, consecutive to

Cuyahoga C.P. No. CR-16-608844: 1 year in prison, consecutive to

Cuyahoga C.P. No. CR-18-631059: 12 months in prison, concurrent with CR-18-631844 and CR-18-633903

Cuyahoga C.P. No. CR-18-631844: 180 days in jail on each count, concurrent with each other and concurrent with Cuyahoga C.P. Nos. CR-18-631059 and CR-18-633903

Cuyahoga C.P. No. CR-18-633903: 18 months in prison, concurrent with Cuyahoga C.P. Nos. CR-18-631059 and CR-18-631844

Journal entry No. 106326861 (Nov. 15, 2018), Cuyahoga C.P. No. CR-15-600884, and journal entry No. 106327053 (Nov. 15, 2018), Cuyahoga C.P. No. CR-15-608844.

{¶ 11} On April 23, 2019, this court granted Hereford's motion for leave to file a delayed appeal and to consolidate cases *State v. Hereford*, 8th Dist. Cuyahoga No. 107996, and *State v. Hereford*, 8th Dist. Cuyahoga No. 108480.

{¶ 12} The single assigned error presented for appeal is whether:

The trial court erred when it imposed a total of two years of imprisonment in Cuyahoga C.P. Nos. CR-15-600884 and CR-16-608844 when, at the most recent sentencing in those cases, the trial court advised that violations of community control sanctions would only result in one-year of imprisonment.

{¶ 13} Hereford argues that, under *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus, a trial court must advise the defendant at the time of sentencing of the specific prison term that can be imposed for a violation. Hereford also relies on *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, for the premise that "a sentencing after a community control sanctions violation is a sentencing 'anew'" that requires that the trial court "add prison consequences for any subsequent violation when extending community control sanctions after the first violation." Appellant's brief at p. 4, quoting *Fraley* at ¶ 17.

{¶ 14} Hereford does not dispute the legality of the initial community control sanctions sentence on January 30, 2017, where the transcript and judgment entries reflect that Hereford was specifically advised:

Court:      Now, you're on a community sentence.  If you violate, the Court will return you to the courtroom and every time I do that, your — and you're found in violation, I can sentence you all over again.  I can keep you on the community sentence once you violate if I want to or I can send you to prison.

Hereford:  Okay.

Court:      If I decide to keep you on the community sentence, I can still change it, make it longer, make it tougher. Understood?

Hereford:   Yes.

Court:      If I do send you to prison, I can make it one year consecutive on each of these cases; understood?

Hereford:   Yes.

(Tr. 36-37.)

**{¶ 15}** Hereford challenges the trial court's statements during the first violation hearing on September 4, 2018:

> So the Court's going to extend your supervision for a two-year period starting today [to September 2020]. I'm going to remind you that you still have one year in prison hanging over your head.
>
> I will remind you that anytime you violate the Court can extend your supervision, change terms of supervision, or send you to prison?

(Tr. 50-51.) Hereford was further advised that a conviction on the 2018 pending cases would result in a new probation violation case. The journal entry states that violations may result in one-year consecutive sentences in each case.

**{¶ 16}** At the inception of the hearing, the bailiff called both cases. Hereford admitted to the violations and the trial court stated that it "finds [Hereford] in violation of his supervision in these two cases." (Tr. 40-41.)

**{¶ 17}** The state counters that Hereford's alleged error lacks merit because the trial court provided clarification during the November 15, 2018, hearing:

> Court:    On September 4th, I found him in violation of his community-controlled sanctions in both of these PV case numbers, but that was not done because he picked up these new cases. * * * You were violated in those two probation case numbers, and I resentenced you on September 4th of this year because you didn't report. * * * And at that time, I extended your supervision for 1 year, and that would take you to September 4th of 2019.

Hereford:  I remember you saying 2 years.

State:  One year in each case consecutive to each other for a total of 2 years:

Counsel:  I have a copy of the journal entry.

Court:  I do, too, and let me tell you there is no such thing as consecutive community control. So we're changing those. That's total error. So I'm going to change this to be 1 year and we're going to redo these entries. And I also have a status here — excuse me. This consecutive business is saying that he would get consecutive prison sentences. So that's why the gentleman is talking 2 years. It isn't that we would keep you under supervision necessarily for 2 years, but if you got sent to prison, you would go for 2 years, 1-year consecutive. When I looked down and saw the 6 year, I misread it.

And I also — and I'm being corrected here. Now that I read this carefully, I also extended your community control to September 2020, right?

Hereford:  Okay, yes, correct.

(Tr. 62-64.)

{¶ 18}  This court reviews sentences pursuant to R.C. 2953.08(G)(2), which states in pertinent part:

The appellate courts' standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *

(b) That the sentence is * * * contrary to law.

{¶ 19}  This court has previously rejected the "overly rigid" construction of

*Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837:

R.C. 2929.15(B) sets forth the options from which the court may choose for any violations of the conditions of a community control sanction; it states that the sentencing court "may impose a longer time under the

same sanction," that it "may impose a more restrictive sanction," or, too, it "may impose a prison term on the offender pursuant to [section] 2929.14 of the Revised Code."

*State v. Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250, ¶ 11.

{¶ 20} Oulhint was informed at his original sentencing hearing that the trial court may impose a prison term of up to 18 months that could run consecutively to any prison term imposed for the offense that caused the violation. *Id.* at ¶ 15. Oulhint waived the hearing for his first violation. Oulhint argued that the absence of language regarding the potential prison sentence in the related journal entry violated this court's prior holding in *State v. Goforth*, 8th Dist. Cuyahoga No. 90653, 2008-Ohio-5596, and *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, relied on by Hereford in this case. This court distinguished those cases because those "courts held that no error occurred because the court advised the defendants at subsequent violation hearings the terms that could be imposed." *Id.* at ¶ 18.

{¶ 21} We determined that Oulhint was advised of the specific term faced for violating community control sanctions at the initial hearing. "The trial court was under no duty to readvise him of the possible sentence at subsequent hearings." *Oulhint*, 8th Dist. Cuyahoga No. 99296, 2013-Ohio-3250, ¶ 20.

{¶ 22} The decision was further based on our analysis of *Fraley* and *Goforth* in *State v. Hodge*, 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78, where we determined:

We construe the holding of the Supreme Court in *Fraley* narrowly to mean that a trial court that fails to notify a defendant of the specific penalty he will face upon violation of community control sanctions at the initial sentencing, may "cure" that failure at a subsequent violation hearing by then advising the defendant of the definite term of imprisonment that may be imposed upon any subsequent finding of violation. We find nothing in the statute or *Fraley* that requires a legally adequate notification in the first instance be given over and over again.

Finally, Hodge's citation to *State v. Goforth*, [8th Dist.] Cuyahoga No. 90653, 2008-Ohio-5596, is not persuasive. Goforth argued "that the trial court erred in sentencing her to a term of imprisonment because the court failed to notify her, at the original sentencing hearing *or in any judgment entry*, of the specific prison term that may be imposed for a violation of the conditions of sanctions." (Emphasis added.) *Id.* at ¶ 10. That is not the case in the matter at bar; Hodge was clearly notified by judgment entry at the time of the original sentencing that [s]he would be imprisoned for one year if [s]he violated h[er] community control sanctions. The language in *Goforth* that states "[a]ccordingly, the trial court erred in imposing a term of imprisonment for the community control violation because the trial court failed to advise appellant in the *judgment entry* of the preceding sentencing hearing that she would be subject to a specific prison time if she violated community control sanctions[,]" is, in short, about the necessity of the notice being contained in a judgment entry, not about the timing of the notice.

(Emphasis added.) *Hodge* at ¶ 9-10.

{¶ 23} Progeny of *Brooks* and *Fraley* illuminated the conflicting interpretations of those cases by lower courts. On June 9, 2020, the Ohio Supreme Court resolved the issue in *State v. Howard*, Slip Opinion No. 2020-Ohio-3195.

In this appeal, we determine whether appellant, John M. Howard, received sufficient notice of the specific prison terms that the trial court could impose before the court revoked his community-control sentence and imposed the prison terms. * * * The Tenth District Court of Appeals determined that because the trial court had notified Howard at his initial sentencing hearing of the specific prison terms that the court could impose if Howard were to violate his community-control

conditions, it was not required to repeat that notification before it imposed the prison terms at a second revocation hearing.

*State v. Howard*, Slip Opinion No. 2020-Ohio-3195, ¶ 1.[1]

{¶ 24} The court continued:

In *Brooks*, we determined that compliance with [R.C. 2929.19(B)(4), formerly R.C. 2929.19(B)(5) prior to September 30, 2011] means that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing," as opposed to during a plea hearing, for example, "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *See id.* at ¶ 29. And "specific prison term" means a definite prison term, fixed in months or years, rather than a range of time. *Id.* at ¶ 29-31.

The statutorily mandated notice regarding the specific prison term that the trial court could impose becomes relevant when the offender violates his community control. The penalties available to a court sentencing an offender for a community-control violation are prescribed in R.C. 2929.15(B). One of the possible penalties is a prison term. R.C. 2929.15(B)(1)(c). But pursuant to R.C. 2929.15(B)(3), if the court chooses to impose a prison term, the prison term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing."

*Id.* at ¶ 13-14.

{¶ 25} However,

[t]hree months after we decided *Brooks*, we determined that a trial court can cure its failure to notify an offender at his initial sentencing hearing of the potential, specific prison term if it provides that notice at a revocation hearing that occurs before the revocation hearing at which the trial court imposes the prison term. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995. Here, there is no dispute that Howard received proper notice at his initial sentencing hearing of the

---

[1] The court also addressed the issue of "at what stage a trial court must make the consecutive-sentences findings required under R.C. 2929.14(C) when the court imposes consecutive prison sentences following the revocation of community control." *Id.* That issue is not before us.

specific prison terms he could face if he were to violate his community-control conditions. But Howard argues that *Fraley* requires a trial court to repeat the notice at the revocation hearing immediately preceding the revocation hearing at which the court imposes the prison term.

* * *

First, unlike Fraley, Howard was properly notified at his initial sentencing hearing of the prison terms he could face if he were to violate his community control and the potential prison terms did not change between his initial sentencing and the second revocation hearing at which the court imposed the prison terms. In other words, Howard was not convicted of any new offense in the intervening period for which additional prison time could have been imposed. He was aware throughout the period of his community control that a violation could result in consecutive prison terms of 17 and 11 months.

Second, to accept Howard's reading of *Fraley*, we would have to conclude that our holding in *Fraley* was that a trial court must repeat the prison-term notification at *every* revocation hearing in order to preserve its ability to sentence an offender to prison for violating community control. As we said in *Fraley*, a court sentencing an offender at a revocation hearing "sentences the offender anew and must comply with the relevant sentencing statutes." *Fraley,* 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, at ¶ 17. We have since affirmed that determination in other contexts. *See State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15 (acknowledging the state's right to be present at a revocation hearing); *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 14 (holding that a revocation hearing is a sentencing hearing for purposes of the allocution requirements in R.C. 2929.19(A) and Crim.R. 32(A)(1)). But *Fraley* should not be read as imposing any requirement on a sentencing court beyond what the relevant sentencing statutes require.

*Howard* at ¶ 15, 18-19.

{¶ 26} The court examined "R.C. 2929.19(B) and 2929.15(B), to determine whether the trial court was required to give Howard notice of the specific prison terms he could face for an additional violation of his community-control conditions." *Id.* at ¶ 20.

At Howard's first revocation hearing, the court extended the term of his community control, as it was permitted to do under R.C. 2929.15(B)(1)(a). No new terms were imposed. In this circumstance, neither R.C. 2929.19(B) nor R.C. 2929.15(B) required that Howard again receive notice of the specific prison terms he could face for a subsequent violation of his community control.

At Howard's second revocation hearing, the court imposed the exact prison terms that it had provided Howard notice of at his initial sentencing hearing. R.C. 2929.15(B)(3) mandates that a prison term imposed on an offender following revocation of community control "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code."

*Id.* at ¶ 21-22.

{¶ 27} The trial court rejected Howard's position:

But Howard's proposed reading of the statute would require us to add language to it prescribing notice of the potential prison term "at the sentencing hearing [*immediately preceding the one at which community control is revoked and a prison sentence is imposed*]." (Bracketed language represents the proposed added language.) We decline to do so. As we explained in *Brooks*, the purpose of the notice requirement in R.C. 2929.19(B)(4) "is to make the *offender aware before a violation* of the specific prison term that he or she will face for a violation." (Emphasis sic.) [*State v. Brooks*], 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 33.

*Id.* at ¶ 22.

{¶ 28} Thus, the court concluded that the statutory purpose was met by providing "sufficient notice at [Howard's] initial sentencing hearing of his potential prison terms." *Id.*

Howard presents no persuasive authority for reading the statutes or our caselaw as requiring more. Therefore, we affirm the Tenth District's judgment that the trial court was not required to renotify Howard of his potential prison terms before it imposed the prison terms.

*Id.*

**{¶ 29}** Hereford was advised at the initial sentencing of the potential prison terms. "R.C. 2929.15(B)(3) mandates that a prison term imposed on an offender following revocation of community control 'shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code.'" *Howard* at ¶ 22.

**{¶ 30}** As previously stated, Hereford argues that his stated prison term was modified to only one year at his second CCS violation hearing; we find that this argument is misplaced. We find that under the facts of this case, Hereford was properly advised of his potential prison terms at his initial sentencing.

**{¶ 31}** The assigned error is overruled.

**{¶ 32}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
MICHELLE J. SHEEHAN, J., CONCUR