[Cite as *State v. McClurg*, 2018-Ohio-3840.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 17CA98 |
| JAMES MCCLURG | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 2012CR0339 |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | September 20, 2018 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

GARY BISHOP
Prosecuting Attoney
Richland County, Ohio

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

JEFFREY P. UHRICH
Law Office of Jeffrey P. Uhrich
P.O. Box 1977
Westerville, OH 43086

*Hoffman, J.*

{¶1} Defendant-appellant James McClurg appeals the October 27, 2017 Community Control Violation Journal Entry entered by the Richland County Court of Common Pleas, which found him guilty of violating his community control after Appellant admitted such violation, and sentenced him to a two year prison term. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2} On June 28, 2012, Appellant pled guilty to a Bill of Information charging him with one count of burglary, in violation of R.C. 2911.12(A)(1), a felony of the third degree. The trial court sentenced Appellant to 30 months of community control with a two year suspended prison term to be served upon any violation of his probation.

{¶3} On February 4, 2013, a notice was filed with the trial court, alleging Appellant had violated his community control sanctions. Appellant appeared before the trial court on February 15, 2013, and admitted the violations. The trial court continued Appellant on community control with the additional requirement he successfully complete a program at a community-based correction facility ("CBCF"). The trial court filed a Community Control Violation Journal Entry on February 15, 2013.

{¶4} On December 23, 2013, a notice was filed with the trial court, alleging Appellant had again violated his community control sanctions. Appellant appeared before the trial court of March 24, 2014, and admitted the violations. The trial court extended Appellant's probation, but tolled the term until he was released from prison on an unrelated case ("Case No. 2013-CR-839"). The trial court filed a Community Control

Violation Journal Entry on March 24, 2014, however, the entry did not indicate the length of the original suspended prison term that could be imposed upon a subsequent violation.

{¶5} On March 29, 2017, the trial court filed an entry captioned, "Additional Community Control Sanctions", which ordered Appellant to successfully complete a program at Crosswaeh CBCF as an additional community control sanction. On September 11, 2017, after Appellant completed his prison term in Case No. 2013-CR-839, a notice of probation violation was filed, alleging Appellant failed to complete CBCF. Appellant filed a Motion and Memorandum Contra Imposition of Prison Sanction on October 5, 2017. Therein, Appellant argued the trial court failed to notify him of the specific prison sentence at his last probation violation sentencing, and, as such, was now prohibited from imposing a prison sanction for the current community control violation. The state filed a response on October 20, 2017.

{¶6} Appellant admitted the probation violation on October 25, 2017. Via Community Control Violation Journal Entry filed October 27, 2017, the trial court sentenced Appellant to the original two year prison term.

{¶7} It is from this judgment entry, Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S 10/5/17 MOTION AND MEMORANDUM CONTRA IMPOSITION OF PRISON SANCTION, AND THEREAFTER SENTENCING DEFENDANT TO SERVE A TWO YEAR PRISON SENTENCE, ALTHOUGH NO PRISON SENTENCE WAS SPECIFIED IN

PREVIOUS COMMUNITY CONTROL VIOLATION SANCTION SENTENCING ENTRY.

II.THE TRIAL COURT ERRED WHEN IT ADDED AN ADDITIONAL COMMUNITY CONTROL VIOLATION TO CONDITIONS PREVIOUSLY IMPOSED THREE YEARS PRIOR, WITHOUT AN ADDITIONAL VIOLATION OR HEARING.

I.

{¶8} In his first assignment of error, Appellant contends the trial court erred in overruling his Motion and Memorandum Contra Imposition of Prison Sanction, and sentencing him to serve a two year prison term when a prison term had not been specified in the March 24, 2014 Community Control Violation Journal Entry.

{¶9} Appellant relies upon the Ohio Supreme Court's decision in *State v. Fraley*, 105 Ohio St.3d 13, 2004–Ohio–7110, in support of his position the trial court was required to re-advise him of the specific prison term he faced at each subsequent community control violation hearing. We agree.

{¶10} In *Fraley,* the trial court failed to inform the defendant at his initial sentencing hearing of the prison term which could be imposed if he violated the terms of his community control. *Id.* at ¶ 19. The trial court did, however, notify Fraley by journal entry that harsher sanctions, including up to five years of imprisonment, could be imposed if he failed to comply with the sanctions. *Id.* At a later hearing, when Fraley was continued on community control, the trial court specifically advised him he would be sentenced to a prison term of four years for a community control violation. *Id.* The Ohio Supreme Court

considered "whether a trial court is mandated to notify a defendant at the *initial* sentencing hearing of a specific term of imprisonment that could be imposed if a defendant violates the terms and conditions of his community control, or whether such notification may come at a later sentencing hearing." *Id.* at ¶ 11.  (Emphasis added.)

**{¶11}** The *Fraley* Court answered the question in the affirmative, holding the "*original* sentencing hearing is the time when the notification must be given for the court to impose a prison term upon a defendant's *first* community control violation." *Id.* at ¶ 15. (Emphasis in original.)  The *Fraley* Court further noted, for subsequent violations, a prison term may be imposed if the court properly notified the defendant of the specific prison term when continuing or "resentencing" the defendant to community control. The Court held, when there are multiple violations of community control, "a trial court sentencing an offender upon a violation of the offender's community control sanction *must, at the time of such sentencing*, notify the offender of the specific prison term that may be imposed for an *additional* violation of the conditions of the sanctions as a prerequisite to imposing a prison term on the offender for a *subsequent* violation." *Id.* at ¶ 18. (Emphasis added.)

**{¶12}** The state asserts the trial court gave Appellant adequate warning of the specific sentence which would be imposed upon violation of his community control sanctions at his original sentencing; therefore, the trial court was not required to re-advise him of the penalties for a subsequent violation.  The state relies upon *State v. Hodge,* 8th Dist. Cuyahoga No. 93245, 2010-Ohio-78, 2010 WL 125861, in support of its position.

**{¶13}** In *Hodge*, the appellant pled guilty to one count of breaking and entering. *Id.* at para. 2.  The trial court sentenced him to one year of community control sanctions and advised him: "Any violations of this order may result in imposing a longer period of

supervision, more restrictive community control sanctions or a prison term. The fine for violation of this order will be $2500. The prison term for violation of this order will be 12 months in prison." *Id.* The appellant violated his community control sanctions twice. *Id.* at para. 3. After the first violation, the court ordered him to complete inpatient drug treatment, and stated in its judgment entry "community control is continued with prior conditions." *Id.* After the second violation, the trial court sentenced the appellant to nine months in prison. *Id.* On appeal, the appellant, relying on the *Fraley*, argued the trial court erred in sentencing him to prison because it did *not* advise him again after his first violation a prison term could be imposed.

{¶14} The Eighth District Court of Appeals declined to follow *Fraley*, finding:

> While we agree that the language in *Fraley* might support that conclusion, in context, it does not. *Fraley* is based upon a wholly different set of facts than our case at bar. Hodge's original sentence was not legally deficient; Fraley's was.
>
> We construe the holding of the Supreme Court in *Fraley* narrowly to mean that a trial court that fails to notify a defendant of the specific penalty he will face upon violation of community control sanctions at the initial sentencing, may "cure" that failure at a subsequent violation hearing by then advising the defendant of the definite term of imprisonment that may be imposed upon any subsequent finding of violation. We find nothing in the statute or *Fraley* that requires a legally adequate notification in the first instance to be given over and over again. *Id.* at 9.

**{¶15}** In her dissent in *Hodge*, Judge Colleen Conway Cooney wrote:

I respectfully dissent. I read the syllabus of *State v. Fraley,* 105 Ohio St.3d 13, 821 N.E.2d 995, 2004-Ohio-7110, to clearly state that a trial court sentencing an offender upon a violation of community control must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions as a prerequisite to imposing a prison term for a subsequent violation.

In the instant case, the trial court failed to notify Hodge at the October 2008 violation hearing of the specific prison term he faced for a subsequent violation. Therefore, I would reverse the trial court's imposition of a prison term. *Id.* at 12 and 13.

**{¶16}** We agree with Judge Conway Cooney's dissent and find the syllabus in *Fraley* is clear. The syllabus reads:

Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation. *Fraley*, supra at syllabus.

**{¶17}** Although the trial court notified Appellant at his original sentencing hearing and in the entry which memorialized it of the specific sentence of imprisonment which could be imposed upon a probation violation, the trial court failed to re-advise Appellant of the sentence when he appeared in court on March 24, 2014, upon a subsequent violation. As the Ohio Supreme Court explained:

> The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender **anew** and must comply with the relevant sentencing statutes. *State v. Martin,* 8th Dist. No. 82140, 2003-Ohio-3381, 2003 WL 21474154, at ¶ 35. The trial court could therefore comply with both the sentencing statutes and our holding in *Brooks* if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing. We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B).
>
> *Fraley*, supra at 17. (Emphasis added.)

**{¶18}** Accordingly, we find the trial court erred in imposing the suspended prison term in October, 2017, because it failed to specifically inform Appellant of the possible

two year prison sentence which could be imposed upon a community control violation at his sentencing hearing in March, 2014.

**{¶19}** Appellant's first assignment of error is sustained.

II.

**{¶20}** In light of our disposition of Appellant's first assignment of error, we find Appellant's second assignment of error to be moot.

**{¶21}** The sentence of the Richland County Court of Common Pleas is vacated and the matter remanded for resentencing.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur