[Cite as *State v. McClurg*, 2020-Ohio-4228.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2017 CA 0098 |
| JAMES McCLURG | |
| Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2012-CR-0339

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       August 25, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           JEFFREY P. UHRICH
Prosecuting Attorney                  P.O. Box 1977
Richland County, Ohio                 Westerville, Ohio  43086

JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio  44902

*Hoffman, P.J.*

{¶1} This case is before us based upon the remand issued by the Supreme Court of Ohio in *State v. McClurg*, --- Ohio St.3d ---, 2020-Ohio-3696, --- N.E.3d --- , in which the Court reversed our decision in *State v. McClurg*, 5th Dist. Richland No. 17CA98, 2018-Ohio-3840 ("*McClurg I*"), on the authority of *State v. Howard*, --- Ohio St.3d ---, 2020-Ohio-3195, --- N.E.3d ---.

STATEMENT OF THE CASE

{¶2} On June 28, 2012, Appellant pled guilty to a Bill of Information charging him with one count of burglary, in violation of R.C. 2911.12(A)(1), a felony of the third degree. Appellant appeared before the trial court for sentencing on August 8, 2012. The trial court imposed a two year prison term, but suspended the sentence and placed Appellant on community control for 30 months. The trial court advised Appellant a violation of community control could lead to the imposition of the two year prison term. As part of his community control sanctions, Appellant was ordered to successfully complete CROSSWAEH Community Based Correctional Facility ("CBCF"). The trial court memorialized Appellant's sentence via Sentencing Entry filed August 9, 2012.

{¶3} On February 4, 2013, a notice was filed with the trial court, alleging Appellant had violated his community control sanctions. Specifically, Appellant failed to successfully complete VOA Halfway House. Appellant entered VOA Halfway House on October 3, 2012, as CROSSWAEH CBCF had a long wait list. Appellant was unsuccessfully terminated from the program on January 30, 2013. Appellant appeared before the trial court on February 15, 2013, and admitted the violation. Via Community Control Violation Journal Entry filed February 15, 2013, the trial court continued Appellant

on community control "with the following conditions: enter and successfully complete a CBCF." February 15, 2013 Community Control Violation Journal Entry.

{¶4} On December 23, 2013, a notice was filed with the trial court, alleging Appellant had again violated his community control sanctions. Appellant appeared before the trial court of March 24, 2014, and admitted the violations. The trial court extended Appellant's probation, but tolled the term until he was released from prison on an unrelated case ("Case No. 2013-CR-839"). The trial court filed a Community Control Violation Journal Entry on March 24, 2014. The entry did not specify the length of the original suspended prison term which could be imposed upon a subsequent violation.

{¶5} On March 29, 2017, the trial court filed an entry captioned, "Additional Community Control Sanctions", which ordered Appellant to successfully complete a program at CROSSWAEH CBCF. On September 11, 2017, after Appellant completed his prison term in Case No. 2013-CR-839, a notice of probation violation was filed, alleging Appellant failed to complete CBCF. Appellant filed a Motion and Memorandum Contra Imposition of Prison Sanction on October 5, 2017. Therein, Appellant argued the trial court failed to notify him of the specific prison sentence at his last probation violation sentencing, and, as such, was prohibited from imposing a prison sanction for the current community control violation. The state filed a response on October 20, 2017.

{¶6} Appellant admitted the probation violation at a hearing on October 25, 2017. Via Community Control Violation Journal Entry filed October 27, 2017, the trial court sentenced Appellant to the original two year prison term.

{¶7} Appellant appealed his sentence to this Court, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S 10/5/17 MOTION AND MEMORANDUM CONTRA IMPOSITION OF PRISON SANCTION, AND THEREAFTER SENTENCING DEFENDANT TO SERVE A TWO YEAR PRISON SENTENCE, ALTHOUGH NO PRISON SENTENCE WAS SPECIFIED IN PREVIOUS COMMUNITY CONTROL VIOLATION SANCTION SENTENCING ENTRY.

II. THE TRIAL COURT ERRED WHEN IT ADDED AN ADDITIONAL COMMUNITY CONTROL VIOLATION TO CONDITIONS PREVIOUSLY IMPOSED THREE YEARS PRIOR, WITHOUT AN ADDITIONAL VIOLATION OR HEARING.

{¶8}   In *McClurg I*, we sustained Appellant's first assignment of error, vacated his sentence, and remanded the matter to the trial court for resentencing.  We found "the trial court erred in imposing the suspended prison term in October, 2017, because it failed to specifically inform Appellant of the possible two year prison sentence which could be imposed upon a community control violation at his sentencing hearing in March, 2014." *McClurg*, 2018-Ohio-3840 at ¶ 18.   We found Appellant's second assignment of error to be moot in light of our disposition of his first assignment of error. *Id.* at ¶ 20

{¶9}   The state appealed our decision to the Ohio Supreme Court, which reversed and remanded the matter to us "for application of *State v. Howard*, --- Ohio St.3d ---, 2020-Ohio-3195, --- N.E.3d ---." *State v. McClurg*, --- Ohio St.3d ---, 2020 -Ohio- 3696, --- N.E.3d ----, ¶ 1.  The matter is now before us.

I

**{¶10}** Pursuant to the Ohio Supreme Court's decision and remand, we must reexamine Appellant's first assignment of error applying *State v. Howard*, supra.

**{¶11}** In *State v. Howard*, the Ohio Supreme Court addressed the issue of "whether appellant, John M. Howard, received sufficient notice of the specific prison terms that the trial court could impose before the court revoked his community-control sentence and imposed the prison terms." *Id.* at ¶ 1. The *Howard* Court held neither R.C. 2929.19(B) nor R.C. 2929.15(B) require a trial court to repeat notice of the specific prison term a defendant could face for a violation of his community control when the defendant was provided such notice at his initial sentencing hearing. *Id.* at ¶ 21.

**{¶12}** Upon application of *Howard*, as mandated by the remand order of the Supreme Court of Ohio, we find Appellant received sufficient notice of the specific prison term the trial court could impose before the court revoked his community-control and imposed the prison term. Like the appellant in *Howard*, Appellant herein was properly notified at his initial sentencing hearing of the prison term he could face if he were to violate his community control and the potential prison term did not change between his initial sentencing and the subsequent revocation hearing at which the court imposed the prison term. Further, like the appellant in *Howard*, Appellant was not convicted of any new offense in the intervening period for which additional prison time could have been imposed and Appellant was aware throughout the period of his community control a violation could result in a prison term of two years.

**{¶13}** Accordingly, we overrule Appellant's first assignment of error.

II

{¶14} In his second assignment of error, Appellant contends the trial court erred in imposing additional community control conditions without Appellant having committed a new violation and without conducting a hearing.

{¶15} On August 8, 2012, the trial court sentenced Appellant to a two year prison term, but suspended the sentence and placed Appellant on community control for 30 months.　As part of his community control sanctions, Appellant was ordered to successfully complete CROSSWAEH CBCF.

{¶16} As Appellant failed to successfully complete VOA Halfway House, the state filed a probation violation on February 4, 2013.　Appellant admitted the violation and the trial court continued him on community control "with the following conditions: enter and successfully complete a CBCF."　February 15, 2013 Community Control Violation Journal Entry.　On December 23, 2013, the state again filed a probation violation. Appellant admitted he violated his community control. The trial court extended Appellant's probation, but tolled the term until he was released from prison on an unrelated case. March 24, 2014 Community Control Violation Journal Entry.　Thereafter, on March 29, 2017, the trial court filed an entry captioned, "Additional Community Control Sanctions", which ordered Appellant to successfully complete a program at CROSSWAEH CBCF.

{¶17} On September 11, 2017, after Appellant completed his prison term in Case No. 2013-CR-839, a probation violation was filed, alleging Appellant failed to complete CBCF.　Appellant filed a Motion and Memorandum Contra Imposition of Prison Sanction, arguing the trial court failed to notify him of the specific prison sentence at his last probation violation sentencing, and, as such, was now prohibited from imposing a prison

sanction for the current community control violation. Appellant appeared before the trial court on October 25, 2017, and admitted the violation. The trial court sentenced Appellant to the original two year prison term. October 27, 2017 Community Control Violation Journal Entry.

{¶18} Appellant's argument relies upon the trial court's March 29, 2014 entry captioned "Additional Community Control Sanctions". Appellant asserts this entry places additional conditions on him and such was erroneous as there was no new violation and the trial court failed to conduct a hearing. We find Appellant's reliance on the caption of the March 29, 2014 entry misplaced.

{¶19} The March 29, 2014 entry is a pre-printed form. Although captioned "Additional Community Control Sanctions", the entry does not place a new condition on Appellant's community control. To the contrary, the entry restates the condition Appellant continually failed to complete, to wit: successfully completing CBCF. This condition was part of Appellant's original sentence imposed on April 8, 2012, and memorialized in a Sentencing Entry filed August 9, 2012.

{¶20}  Based upon the foregoing, we find Appellant's second assignment of error is not well taken and overrule the same.

{¶21}  The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Delaney, J. concur